## JAMES JACKSON *against* STONE.

THIS was an action of trespass, for *mesne profits*, which was tried before Mr. Justice *Platt*, at the *Greene* circuit, in *September*, 1815.

The plaintiff, in this suit, commenced two actions of ejectment, in 1810, on the demise of *Joseph Atwood*, against *Samuel*

Where, during the pendency of an action of ejectment, the defendant gives up the possession to a third person, and afterwards the plaintiff recovers judgment, such third person is liable for the *mesne profits ;* the recovery in ejectment is conclusive evidence against him, and he cannot set up a title in himself as a bar.

Baldwin and *Benjamin Baldwin*, for lands in *Windham*, in the county of *Greene*, in which judgments were recovered, in *October* term, 1813, whereon writs of possession were issued, which were executed in *December* following. Previously, however, to these judgments being obtained, the defendant had purchased from one *Scott* about 20 acres of the premises, for which he had received a deed in fee, with warranty, and called upon the *Baldwins* to deliver to him the possession of the land contained in his deed, which they agreed to do, on his allowing them the appraised value of their improvements; they were appraised, the defendant not being present, at 140 dollars, and the *Baldwins* abandoned the possession of about 20 acres to him, and remained in possession of the residue until they were turned out by the writs of possession before mentioned. The defendant, on this trial, showed a perfect title to the premises which he claimed.

A verdict was found for the plaintiff, subject to the opinion of the court on a case to be made, which was now submitted to the court without argument.

*Per Curiam.* The defendant, as respects the title to the premises, stands in the same situation as the *Baldwins*, from whom he took the possession of the parcel of land, for which the action of ejectment was brought. The defendant in an action of ejectment cannot, by giving up the possession to a third person, after the commencement of the suit, defeat the effect of the recovery. It is perfectly well settled that a recovery in ejectment, as far as respects the right to *mesne profits*, is conclusive of the title, as to the land possessed by the defendant when the action was brought, into whose hands soever it may subsequently pass, by transmutation of the possession from the defendant in ejectment.

The plaintiff must have judgment.