# JEFFRIES v. ZANE.

## July 2, 1836.

*Rule to show cause why a new trial should not be granted.*

Where A recovers in ejectment against B, who was the tenant in possession at the time of the institution of the suit, but who nevertheless before judgment aliens to C, and A *brings trespass for mesne profits* against C, the record of the recovery in ejectment against B is *conclusive* evidence of the plaintiff's title to the land, so as to enable him to maintain his action.

THIS was an action of trespass for mesne profits.

On the trial it appeared that Jeffries had instituted an action of ejectment against *James Renshaw* to December term 1832, which was referred to arbitrators under the act of 1810; and on the 2d of January 1833, an award of the arbitrators in favour of the plaintiffs was filed. Renshaw appealed from this award. *In June* 1833 *Renshaw* sold the property for which the ejectment had been brought, to *John Zane,* the defendant in the present action. *Renshaw,* notwith-

[Jeffries v. Zane.]

standing the sale to *Zane*, on the 18th of January 1834 confessed judgment in the ejectment, and a writ of *habere facias possessionem* was immediately issued. January 18, 1834, *Zane* upon an *affidavit* made by him that he had purchased the property in dispute of *Renshaw* in June 1833, that he had been put in possession immediately afterwards, and had continued in possession ever since, obtained a rule to show cause why the judgment confessed by *Renshaw* should not be struck off, and the writ of *habere facias possessionem* set aside. The following entries, afterwards, appear on the record : " February 15, 1834, W. L. Hirst, Esq. permitted to appear for *John Zane*, who is allowed to take defence in this suit." " June 7, 1834, rule of the 18th of January discharged." " June 12, 1834, writ of error from the supreme court brought into office." " March 11, 1835, *remittitur* brought into office, *non pros.* entered by order of court" (supreme court). The writ of error was sued out by *Zane*. The plaintiff, *Jeffries*, obtained possession of the premises claimed in the ejectment by *Zane's* consent, upon an express agreement suggested by *Zane*, that Renshaw as tenant should previously attorn to him.

Shortly after *Jeffries* had obtained possession, the present action—*trespass for mesne profits*—was brought by him against *Zane*. On the trial the plaintiff claimed the value of the premises from June 11, 1833 to the time when he obtained possession, and the verdict was accordingly. The evidence consisted of the record of the ejectment of Jeffries *v.* Renshaw, and the oral examination of witnesses as to the other facts above stated.

No exception was taken to the evidence, but the court was requested to charge the jury : 1. That the plaintiff had no right to recover in this form of action. 2. *That he had shown no title—the only evidence of this being the record of the ejectment against Renshaw, who was not a party to this action.* 3. That the plaintiff could in no event recover *mesne profits*, except during the time when *Zane* continued to appear on the record.

The charge of the court was adverse to the defendant on the first and third points ; and in regard to the second, *the jury were told that the record in question was sufficient evidence of title.*

The verdict was for the plaintiff ; and the defendant moved for a new trial, and assigned for reason the error of the judge, in charging as to the second point above specified.

*Hirst,* for the rule.

[Jeffries v. Zane.]

1. The recovery in trespass for mesne profits is consequential to, and depends upon, the *judgment* in ejectment.   2 *Burrows* 665; 4 *Burrows* 1996.

*In ejectment,* even in the fictitious action in England against the casual ejector, the plaintiff *may recover mesne profits* against the real defendant, instead of nominal damages, if he gives notice of his intention to the defendant.   Boyd's Lessee *v.* Cowan, 4 *Dall.* 138; Battin's Lessee *v.* Bigelow, 1 *Peters's C. C. Rep.* 452; Osborn *v.* Osborn, 11 *Serg. & Rawle* 55.

2. The judgment in ejectment only proves title in the plaintiff as against the defendant, who confessed judgment, or had an opportunity to test it by trial.   7 *Term Rep.* 112.   Thus, judgment in ejectment against a woman cannot be given in evidence in trespass for mesne profits against a husband with whom she intermarries after said verdict.

3. The English fiction of lease, entry and ouster, as adopted by our act of 1772, is not changed as to any essential feature by our act of 1806.   Duer *v.* Boyd, 1 *Serg. & Rawle* 211; Massey *v.* Thomas, 6 *Binn.* 333.

4. There would be gross injustice in permitting the plaintiff to sustain this action.   In June 1834 he did not call on the defendant actually interested to defend the action of ejectment, but successfully insisted that James Renshaw alone had the right to confess the judgment; whereas, in this action he attempts to pursue us as the only defendant, and brings no action at all against James Renshaw.

*C. Gilpin* and *W. T. Smith, contra.*

The opinion of the Court was delivered by

STROUD, J.—In relation to the first and third points, the charge was so obviously correct that no objection to it has been taken; and the opinion of the judge upon the second point is fully supported by principle and authority.

Laying out of consideration the anomalous entry of February 15th, 1834, and giving no weight to the fact that *Zane* sued out a *writ of error* on the judgment in Jeffries *v.* Renshaw, the report of Jackson *v.* Stone, 13 *Johns.* 447, exhibits a parallel case with the present.   That was an action of *trespass* for *mesne profits* brought by *Jackson,* who had recovered in ejectment against the *Baldwins.*   Pending the ejectment, *Stone* purchased a part of the land in controversy

I.—2 M

of *Scott,* and by consent of the *Baldwins* was let into possession of it. The *Baldwins* continued to retain possession of the residue, and *Stone,* as far as appears, was passive as to the ejectment. Judgment was then obtained against the *Baldwins,* and writs of possession issued by which they were turned out. *Jackson* afterwards sued *Stone* for the *mesne profits,* and on the trial *Stone* showed a perfect title to the premises which he claimed. The verdict was, however, for the plaintiff, subject to the opinion of the court upon these facts, and judgment was given for the plaintiff, the court saying, " the *defendant,* as respects the title to the premises, stands in the same situation as the *Baldwins,* from whom he took the possession of the parcel of land for which the action of ejectment was brought. It is perfectly well settled that a recovery in ejectment, as far as respects the right of *mesne profits,* is *conclusive* of the title as to the land possessed by the defendant when the action was brought, into whose hands soever it may *subsequently* pass, by transmutation of the possession from the defendant in ejectment." And in a later case in the same court it is asserted that " a verdict in ejectment is evidence in an action for *mesne profits* against any one in possession of the premises." Jackson *v.* Hills, 8 *Cowen* 294.

The whole doctrine applicable to this subject was fully examined in Chirac *v.* Reinecker, 11 *Wheat.* 296, 297, and it was there held that a recovery in ejectment, though *conclusive* against the tenant in possession, is not so against *third* persons not parties to the record; yet, in an *action for mesne profits* against *third* persons, who are liable to the action, the record of the recovery in ejectment, and an executed writ of possession under it, are evidence to prove the plaintiff's possession connected with his title.

We perceive no ground therefore to disturb the verdict.

Rule discharged.