## DREXEL *v.* MAN.

A verdict and judgment in ejectment is conclusive of the right to mesne profits from the time of the service of the writ, though the defendant's title is established by two verdicts and judgments, between the same parties and on the same title, one of which was prior, and the other subsequent to the term for which the recovery was sought.

CERTIFICATE from the Nisi Prius.

*March* 9.—Drexell brought trespass for mesne profits from the 24th July, 1841, to the 19th Jan. 1843; and on the trial, before *Kennedy*, J., showed a record of a recovery in ejectment for the land, in which the writ was served on the 24th July, and the hab. fa. poss. executed January 19th; and having proved the value, closed his case. Defendant offered to show: 1. That he was a bonâ fide purchaser, and entitled to defaulk for improvements. 2. That he held under a legal adjudication. 3. That he was not such a trespasser as to be liable in this case; and to do this by the record of a recovery by him from plaintiff in a previous ejectment. The court received it for the first two points only, and defendant excepted. For the same purposes only the court admitted evidence of a purchase at sheriff's sale, by defendant, on a judgment against Dyott. He then offered to show that on the trial of the first ejectment, plaintiff gave in evidence the same record, sale, and evidence, on which he recovered in the second ejectment, and that the title established in the first ejectment was the same tried in the second, on which plaintiff recovered. His honour rejected the evidence.

In addition, he offered to show that the right of defendant to the mesne profits, if he ever had any, had been since extinguished; and that it had been finally determined at law, that the title to the premises was in the defendant, by evidence of a conveyance by defendant, an

ejectment by such grantee against plaintiff, in which the same title was in controversy, and a recovery, &c., had by his grantee against plaintiff. His honour rejected the evidence. He then proved the payment of taxes and repairs.

His honour instructed the jury, that the plaintiff was entitled to recover in this action the mesne profits of the premises in question, during the time which he claimed in this suit; that the record of a recovery given in evidence by the plaintiff was conclusive, and could not be controverted; that the jury might give the plaintiff interest from the commencement of the present suit, if they thought proper; that interest was a matter for them to decide according to their discretion.

*Wheeler*, with whom was *Randal*, argued that a party placed in possession by the law could not be considered a trespasser, and that this is what was offered to be proved. There is no authority that can be produced of a recovery such as this. The second judgment concluded the title, and the effect is to produce the absurdity of a party being liable for mesne profits while he was the owner of the land. 1 Leo. 314; 3 Leo. 194; 3 Wils. 120; 2 Johns. Rep. 369; 4 Marsh. (Ky.) Rep. 288.

The court declined hearing *St. Geo. Campbell* and *J. M. Scott*, contrà.

*April* 2. KENNEDY, J., after stating the case.—That the action of trespass is the proper mode for recovering the mesne profits, after a recovery had in ejectment, notwithstanding the changes made by the acts of Assembly of the 21st of March, 1806, and the 13th of April, 1807, prescribing that an ejectment should be commenced by suing out a writ of a certain form, in the name of the party claiming to recover the land, instead of serving the party in possession with a declaration and a notice to appear, &c., as practised prior thereto, was decided by this court in Osborn *v.* Osborn, 11 Serg. & Rawle, 55. That although the writ is substituted for the declaration, and the real for the fictitious parties, yet the mode of trial, the issue, the verdict, the recovery, the judgment, and the writ of possession, are the same. And the act of 1807 declares, in express terms, that the writ of ejectment prescribed by the act of 1806, shall *give remedy as fully* and *effectually* as in *ejectments* in the form *theretofore used*. So the late Mr. Justice Duncan, in delivering the opinion of the court, lays it down, that the effect of a judgment in ejectment, under these acts, is precisely the same as at common law, with the exception of the bar of

two successive verdicts and judgments. In speaking of the action for mesne profits, he says: " Where the plaintiff does not go for damages before the time of the demise, the recovering in ejectment *estops the defendant* from denying his title, provided he proceeds only from the time of the ouster, for profits subsequently accrued. If he goes beyond that, he must prove a title beyond it, and a possession of the defendant beyond it. The recovery for mesne profits, where the *ejectment is under the act,* is in *direct conformity to this.* If he asks not for damages *anterior* to the *service* of the writ of ejectment, the *recovery is conclusive,* and *estops* the *tenant :* if he does, he must show his title and the possession of the defendant." Such appears to have been the opinion of this court, and the doctrine laid down in the case of Osborn *v.* Osborn, and we entertain no doubt of its correctness. Originally, the plaintiff in the action of ejectment, when he recovered his term, recovered also damages equal to the profits of the land which accrued during the tortious holding of the defendant; Adams on Ejectment, by Tillinghast, 379, ch. 14. And in Pennsylvania this was done in the form of ejectment which existed immediately previously to the passage of the acts of Assembly already mentioned, where due previous notice was given, before the trial, of the ejectment, to the defendant, that a recovery of the mesne profits would be claimed thereon. See Butler *v.* Biglow, Peters' C. C. Rep. 452. And in some instances a recovery of the mesne profits has been had in the writ of ejectment under our acts of Assembly, where notice was previously given that they would be shown and claimed on the trial of the eject- ment. But would it not be singularly strange, if the plaintiff, by giving such notice, is to be considered entitled to recover the mesne profits in his action of ejectment, and yet not be able to do so in an action of trespass afterwards, if he omits to make his claim therefor on the trial of the ejectment? This would be very anomalous, and without reason, certainly. It would also be contrary to the doctrine laid down in Osborn *v.* Osborn, and established fully by all the preceding cases and authorities on the subject. Where the plaintiff, as has been already mentioned, does not claim damages anterior to the service of the writ of ejectment, the recovery in the ejectment is *conclusive,* and *estops* the tenant from *denying* that he had possession, or that his pos- session was *tortious.* This is in exact conformity to the cases wherein it has been held, if the plaintiff proceeds only for the recovery of the mesne profits accruing subsequently to the day of the demise in the declaration, he need not prove his title in the premises; for the judg- ment in the ejectment is *conclusive* evidence of his right from that · period, and it is immaterial whether the judgment is founded on a

verdict, or has been obtained by default against the casual ejector, Aislin *v.* Parkin, 2 Burr. 668; Bull. N. P. 87; Jackson *v.* Stone, 13 Johns. 447; and admitted in Chirac *v.* Reinecker, 11 Wheat. 280. See also Jackson *v.* Combs, 7 Cowen, Rep. 36; Baron *v.* Abeel, 3 Johns. Rep. 481; Langindyck et al. *v.* Buxhaus, 11 Johns. Rep. 463. Yet notwithstanding a verdict and judgment in ejectment is conclusive between the immediate parties, in an action for the mesne profits, the plaintiff, by virtue thereof, obtains merely the possession of the lands recovered by the verdict, and not a title thereto, excepting such as he previously had. If, therefore, he has a freehold interest in them, he is in as a freeholder; if he has a chattel interest, he is in as a termor; and if he has no title at all, he is in as *a trespasser*, and *liable to account for the mesne profits to the legal owner* without any re-entry on his part; Atkyns *v.* Horde, 1 Burr. 114; Jackson *v.* Dieffendorf, 3 Johns. Rep. 370; Adams on Ejectment, by Tillinghast, 327. And the right to the possession, recovered by the plaintiff in the ejectment, will, at most, I apprehend, only *continue* till the judgment is *reversed*, by writ of error, or *falsified* in another action of ejectment. See Atkyns *v.* Horde, 1 Burr. 89, per Mr. Knowler, *arguendo.* Adams on Ejectment, 327, also lays it down, that the verdict in the ejectment is no evidence in a subsequent action of ejectment, even between the same parties, for which he cites Clerke *v.* Rowell, 1 Mod. 10, where the proposition is not very clearly expressed in the report of the case, which is very short, but sufficiently so in the marginal note of it. It appears, however, to be settled, that where the plaintiff, recovering in the ejectment, has no title at all, he will be considered, in a subsequent action of ejectment, by a plaintiff having a right to the possession and a title to the lands, as a trespasser, and liable to account afterwards for the mesne profits in an action brought therefor against him. So a defendant, against whom a recovery is had in ejectment, may bring a second ejectment against the recoveror, and the previous recovery against him will form no bar to his recovery in the second ejectment, if he can show that he is otherwise entitled to recover. Accordingly, where, after a recovery in ejectment, the defendant's title was sold on a judgment and execution against him, and the purchaser brought an ejectment against the former recoveror, who was in possession under his recovery, and set up a mortgage against the former defendant, which proved to be usurious, and therefore void; it was held that the purchaser was entitled to recover; Hills *v.* Tuttle, 9 Cowen Rep. 233. But it seems to be established, beyond all question, that the verdict and judgment thereon, in favour of the plaintiff in the ejectment, whether it be a first or second ejectment between the

same parties, is conclusive evidence of the plaintiff's right to recover the mesne profits from the defendant, in a subsequent action of trespass brought for that purpose, from the date of the demise, or date of suing out the writ of ejectment, until the date of the recovery had therein. From the foregoing doctrine, which appears to be established by a weight of authority that cannot be controverted or overturned, the court was right in the qualified admission of the defendant's evidence, and in not admitting it for the purpose of showing that the possession which he had of the property was lawful, and that he was entitled to receive and retain the mesne profits.

Then in regard to the rejection of the record of the recovery of the property, in the third ejectment, by Daniel Man, jun., of Drexel the plaintiff, offered for the purpose of showing, under the operation of the fourth section of the act of the 13th of April, 1807, that the title to the property had been definitively settled in favour of Man, the defendant; and being thus ultimately decided in his favour, he therefore had a right to retain the rents and profits received by him from the property, and could not be made accountable to Drexel for them. To have received the evidence, offered for such purpose, would have been giving to the section of the act an operation and effect that could not have been intended. It would have been giving to it a retrospective operation, when, in its terms, it is clearly prospective, and made to operate on actions of ejectment which may or shall be brought, after two verdicts and judgments shall have been passed in favour of the same title held by one of the two parties. Besides, the section, in its terms, does not embrace or extend to an action brought for the recovery of the mesne profits. Such action stands upon the same footing, and must be governed by the same principles as before the passage of the act, giving to the plaintiff, recovering in the last ejectment, a right to recover from the defendant the mesne profits received by him during the pendency of the ejectment at least. This seems to be the only construction that can well be given to the section, so as to render it practicable in all cases. Upon a different interpretation, and such as is set up on the part of the defendant here, the right to the receipt of the mesne profits could not be finally adjusted and settled, until the title to the property was first definitively decided by two verdicts and judgments thereon, given in actions of ejectment in favour of the same party. But the defendant in the first action of ejectment, who is turned out of possession upon a recovery had against him, may defer bringing a second ejectment for twenty years and more; when he sues out his writ of ejectment before twenty-one years has run to bar it, and upon trial he is cast by a verdict and judgment thereon being ren-

dered against him, which bars all future claim to the property by him under the same title, and gives to the plaintiff, in the first ejectment, an indisputable title as against the defendant thereon, but in the mean time, the six years, which form a bar, under the limitation act, to a recovery of the mesne profits, have gone around, and the party entitled to the land has lost his right to recover the mesne profits. This would be palpably unjust, and consequently an insuperable objection to the construction which the defendant's counsel contends for, even if there were no others. The evidence offered in the second instance was, therefore, properly overruled.

As to the errors which, it is alleged, the court committed in the charge to the jury, we think none of them have been sustained. The court was perfectly correct in telling the jury that the plaintiff was entitled to recover the amount of the mesne profits claimed by him in the action, and interest thereon, if the jury should think proper to allow it. It has already been shown, in the discussion of the bills of exception to the evidence offered by the defendant, that he offered nothing which in law could form any defence to the right shown on the part of the plaintiff to recover the mesne profits received by the defendant. And as to the measure of the damages, the court gave, in this respect, as favourable an instruction as the case could possibly admit of. It would not have been error in the court to have left it to the discretion of the jury to have allowed the plaintiff more than interest upon the amount of the mesne profits. The jury are not confined in their verdict to the mere rent of the premises, although the action is said to be brought to recover the rents and profits of the estate, but may give such extra damages as they may think the particular circumstances of the case demands. See Goodtitle v. Tombs, 3 Wils. 118, 121; Adams on Ejectment, 391.

The judgment is affirmed.