## MIDDLESWORTH v. SEDGWICK.

Where M. made a bill of sale to G. of forty-two barrels of vinegar, then in possession of G., as keeper for the sheriff, as collateral security for a debt due G., and G. subsequently gave back the bill of sale to M. without any liquidation of the debt or change of the possession of the property, and the property was afterwards sold by the defendant as sheriff, M. bringing an action of trover against the defendant, to recover the same : *Held,* that M. had no title to the property upon which he could recover in such an action, as the mere handing back the bill of sale to M. did not re-vest the title in him.

In trover, the plaintiff must either have the possession, or the immediate right to the possession of the property, to entitle him to recover.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action to recover of the defendants one thousand dollars damages for the taking and converting to his use forty-two barrels of vinegar, alleged to be the property of the plaintiff. The cause was tried before a jury, who returned a verdict for the plaintiff, and assessed the damages at $510. Judgment was entered thereon. Defendant moved for a new trial, which was denied, and he appealed to this Court. The facts upon which the decision of this Court turned, appear in the opinion of the Court.

*Barber* for Appellant.

*E. F. Hunter* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Trover for the conversion of forty-two barrels of vinegar.

It is not necessary to consider any point in this curious case but one, which seems fatal to respondent. No proof was made by the plaintiff which, on his own case, entitled him to recover. The barrels in which the vinegar was, it seems, were in a brewery, occupied by Slater & Anderson, against whom the plaintiff had process. They were removed from the premises and put in the keeping of one Garrison, who receipted for this and other property to the sheriff. After this, and while the barrels were in possession of Garrison, Middlesworth turned the vinegar over by making a bill of sale of it to Garrison, as collateral security for a debt due to Garrison, the keeper. Garrison says that he gave back the bill of sale to Middlesworth, and that the plaintiff still owes the money, and that he, witness, does not know that he has any interest in the judgment that may be had in this suit. We think even if this proof shows that the plaintiff ever had any interest in this vinegar, it shows that he parted with all his interest before the bringing of the suit. By the bill of sale and contract, he parted with his title to Garrison, who then had possession, and Garrison's merely handing back the bill of sale to plaintiff did not re-vest the title in him. In trover, plaintiff must either have the possession, or immediate right to the possession, to maintain the action.

This being the proof as to the title, and being insufficient to maintain it, the Court should have granted a new trial.

Judgment reversed, and new trial ordered.