## NICKERSON v. CALIFORNIA STAGE COMPANY.

Plaintiff brought an action of replevin against the defendants to recover certain property, and obtained a judgment for its restitution, and damages for its illegal detention; defendants paid the damages, but the property was not restored. Plaintiff then brought an action of trover to recover the value—defendants plead the former recovery as a bar; *Held*, that the judgment in replevin did not constitute a bar to the action of trover, the judgment in replevin not having been satisfied.

The judgment in the action of replevin was, as between the parties, conclusive evidence of the plaintiff's title to the chattel in question, and it only remained for the Court, in this action, to determine its value.

Nor was it necessary to the right of the plaintiff to recover in this action, that the value of the property in the replevin-suit should have been found, and an alternative judgment for the return of the property or the payment of its value.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

This was an action of trover.

It appears that plaintiff, some time before the institution of this suit, commenced an action in replevin for the same property, and recovered a judgment for its restitution, with damages for its illegal detention.

The damages were paid, but the order for the restitution of the property was never complied with; and, failing to recover

the possession of his property, plaintiff commenced this suit for its value.

The defendants pleaded a former recovery, which plea was overruled, and judgment entered for plaintiff, and from this judgment the defendants appealed.

*Smith and Hardy* for Appellants.

*Myers and Crocker* for Respondent.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BALDWIN, J., concurring.

The judgment in replevin constitutes no bar to this action, unless it be shown that it has been satisfied. The cause of action was in both cases the same, but the object was essentially different. In the one case, the plaintiff sought to recover a specific personal chattel, which was wrongfully detained; in the other, the value of such chattel, when, owing to the acts of defendants, it was not in his power to procure a return.

" Where the *cause* and *object* of both actions are the same, a judgment in the prior bars the subsequent suit. When the cause or object of the actions are different, though the point in dispute is the same in both, the prior judgment is no bar to the subsequent action, but the verdict is matter of evidence to prove the point." (Swift's Evidence, 17.)

Thus, in an action of ejectment, the value of the use and occupation may be recovered, but a judgment in ejectment, when no claim for use and occupation is made, is no bar to an action to recover for such use, though the judgment in ejectment is conclusive evidence in the second suit. (13 Johns., 447.)

So it has been decided that when, in an action of replevin, no damages were recovered for detention of the property, such damages might be recovered in a subsequent suit. (33 Maine, 382.) The judgment of a Court of competent jurisdiction, directly upon a particular point, is, as between the parties, conclusive in relation to such point, though the purpose and subject-matter of the two suits be different; and hence a judgment may not only be *evidence*, but *conclusive evidence*, and still be no bar to a second action. (4 Phil. Ev., note 12.)

The judgment in the action of replevin was, as between the parties, conclusive evidence of the plaintiff's title to the chattel in question, and it only remained for the Court, in this action, to determine its value.

The defendant objects that under our statute there should have been a finding of the value in the replevin-suit, and an alternative judgment for the return of the property or the payment of its value. This would have been necessary to enable the plaintiff to recover against the sureties on the replevin-bond,

but the failure to do so can not affect his rights as to the defendants. There are many kinds of property which have a peculiar value in the eye of the owner far beyond their intrinsic worth. In an action for the possession of such property, the plaintiff would prefer to lose his right to proceed against the sureties rather than enter an alternative judgment, the effect of which might be to enable the defendants to retain the property by paying its estimated value. In all such cases, according to the argument of the appellants, if the defendants should by their own act render restitution impossible, the plaintiff could have no remedy. The position is, in our opinion, opposed to principle, and would seem to be entirely unsupported by authority, as no case has been cited which sustains it.

The appeal is without merit, and the judgment is affirmed, with twenty per cent. damages for a vexatious appeal.