ERASTUS S. SPENCER, as Receiver of ROBERT H. BERDELL, Respondent, *v.* HARRIET B. BERDELL, Appellant.

Lis pendens — *when a receiver appointed in supplementary proceedings is bound by a judgment subsequently recovered against the judgment debtor, in an action pending at the time of his appointment.*

In this action brought by the plaintiff, as a receiver appointed in supplementary proceedings, to recover the possession of certain premises in the city of New York which were alleged to have been fraudulently conveyed by the judgment debtor to the defendant Harriet B. Berdell, it appeared that the order appointing the plaintiff receiver of the property of one Robert H. Berdell was entered, on November 24, 1876, upon a judgment recovered against him on October second of the same year. The defense to the action consisted in the fact that on November 22, 1875, a notice of the pendency of an action, together with the complaint, were filed, in an action brought by Robert H. Berdell, the judgment debtor, against the defendant herein, to redeem the premises in question and other property from a deed made by him to one Eliza Parkhurst, which was claimed to be in fact a mortgage; that, in that action, the defendant

herein alleged that she was the owner of the property by virtue of a convey-
ance executed to her by the said Parkhurst, with the assent of Berdell, and
that upon the trial of the said action, in 1883, judgment was entered declaring
the defendant herein to be the absolute owner of this and the other property
conveyed to her by the said Parkhurst.

*Held,* That the judgment creditor became an incumbrancer upon the property, on
October 2, 1876, when his judgment was recovered and a transcript thereof
was filed and docketed, and was, under the provisions of section 132 of the
Code of Procedure, bound by the judgment in the action brought by Berdell.

That the filing of the order appointing the plaintiff a receiver operated as a
conveyance of the property by the judgment debtor to him.

That the plaintiff, as receiver, was bound by the judgment.

APPEAL by the defendant from a judgment recovered on a trial
before the court and a jury.

*Charles E. Rushmore,* for the appellant.

*Philip L. Wilson* for the respondent.

DANIELS J. :

The plaintiff, as a receiver appointed in supplementary proceed-
ings, brought this action to recover the possession of premises
situated on the easterly side of Broadway, near Forty-seventh street
in the city of New York. He was appointed as such receiver in
the fall of 1876, and the defense made to the action consisted of
the fact that the judgment debtor, Robert H. Berdell, in 1875,
brought an action to redeem this and other property from a deed
made by him to Eliza W. Parkhurst, which in fact being a security,
was no more than a mortgage. In that action the present defend-
ant by her answer alleged herself to be the owner of the property
by virtue of a conveyance executed to her by Eliza W. Parkhurst,
with the assent of the judgment debtor, and that she thereby became
the absolute owner of the property in dispute. That action was
tried before the court in the summer of 1883, and a decision was
made followed by a judgment to the same effect, that the defend-
ant Harriet B. Berdell became the absolute owner of this and other
property, by reason of the deed executed and delivered to her.
This judgment as well as the judgment in another action brought
by Eliza W. Parkhurst against Robert H. Berdell and his wife,
were interposed upon the trial of the present action as defenses,
in bar of the plaintiff's right to recover.

The effect of the judgment in the case of *Parkhurst* v. *Berdell* does not require to be examined, and should not be held to be entitled to any effect against the plaintiff as receiver, inasmuch as he does not claim under Eliza W. Parkhurst, and was in no manner represented by her in that litigation. And it resulted in no proceeding between the two defendants themselves, for which this receiver could be held to be in any respect responsible or by the result of which he could be affected.

But as to the action of Berdell against Eliza W. Parkhurst and Harriet B. Berdell, the case is entirely different. For there the title of the judgment debtor himself to this property was placed distinctly at issue, and it was held by the court upon what is to be presumed sufficient evidence to support the conclusion, that Harriet B. Berdell, and not this judgment debtor, from whom the receiver derived his title, was the owner of this real estate. And if this decision is operative or binding upon the plaintiff, then this action cannot be maintained by him.

To prove it to be so it was shown that a notice of the pendency of the action of Berdell against Parkhurst and Berdell, together with the complaint, were filed in that action, on the 22d day of November, 1875, while the judgment in the action in which the plaintiff was appointed receiver was not recovered until the 2d of October, 1876, and the order appointing the receiver in the supplementary proceedings was made on the twenty-fourth of November of the same year. And it was from that time only according to subdivision 1, of section 2468 of the Code of Civil Procedure, that he became vested with the real property of the judgment debtor. When the title was vested in him, it was subject to the action then pending concerning it in favor of the judgment debtor against Eliza W. Parkhurst and Harriet B. Berdell, the latter being the defendant in this suit. At that time the plaintiff had the election to permit the action to proceed in the name of the judgment debtor notwithstanding his own appointment, or to apply to be substituted as plaintiff in the action in the place of the debtor. This he was at liberty to do under section 121 of the Code of Procedure, and afterwards by section 756 of the Code of Civil Procedure, but he took no proceeding for this purpose and the action continued in the name of the judgment debtor until it was finally tried and

determined and the judgment-roll filed on the 30th of July, 1883, by which it was determined that the judgment debtor was not the owner of the property, but that it belonged to the defendant Harriet B. Berdell.

According to the views expressed in *Campbell* v. *Hall* (16 N. Y., 575), this judgment having been recovered after the receiver acquired his title, would not have been conclusive against him upon the right of the judgment debtor without the filing of the notice of the pendency of the action. In this respect a distinction has been maintained between actions for real property and for the recovery of personal property, by or in favor of persons acquiring rights or interests under one of the parties during the pendency of the litigation. (*Holbrook* v. *N. J. Zinc Co.*, 57 N. Y., 627.)

Still it was also held in *Jackson* v. *Stone* (13 Johns., 447), that a person acquiring possession of real estate under the defendant in an action of ejectment was bound by the judgment afterwards recovered. But that rule seems to have been peculiar to that form of action. And it was probably to place the subject entirely at rest that the Code of Civil Procedure, as well as the preceding Code provided for the filing of a notice of the pendency of the action with or subsequent to the time of filing the complaint, where the object should be to affect the title to real property. The Code of Procedure was in force on this subject when the action was commenced and the notice and complaint were filed in the suit of Robert H. Berdell, and by section 132 of that Code it was declared that: "From the time of filing only shall the pendency of the action be constructive notice to a purchaser, or incumbrancer of the property affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were made a party to the action."

The judgment creditor became an incumbrancer upon the property on the 2d of October, 1876, when his judgment was recovered and a transcript of it was filed and docketed, and he by the language of this section was as much bound by the action of *Berdell* v. *Parkhurst and Berdell*, as though he had, in fact, been made a party to the suit. When the receiver was appointed he took no

more than the right and title of the judgment debtor, Robert H. Berdell, to the real estate in controversy. And as that had previously been subordinated to the preceding action, the receiver acquired it subject to the same incumbrance. Beyond that the order appointing him, only when it was filed, operated as a conveyance or transfer of the real property of the judgment debtor to the receiver. It was then, in fact, a conveyance by operation of law and subjected the receiver to the proceedings in the pending action as much so as though he had taken a deed from the judgment debtor Berdell, in form conveying the title to the property. It was, in substance, a subsequently executed conveyance and within this section of the Code as well as sections 1670, 1671 of the Code of Civil Procedure afterwards taking effect. He was bound by all the proceedings taken in the action of Berdell, the same as though he had been a party to the suit. He came in under him and subjected himself to the determination afterwards made in the action. He permitted the proceeding to go forward in the name of Berdell, without, in fact, taking the charge and control of it himself as he was authorized to do. The judgment which was recovered in that action adjudged Berdell, the judgment debtor, not to be the owner of the property now in controversy, but that the defendant in this action had become vested with the title to it, and was, at the time of the recovery of the judgment on the 18th of June, 1883, the owner in fee of the land, and no change in her title appears afterwards to have taken place. This judgment, with this proof of the filing of the complaint and the notice of the pendency of the action, should have been held conclusive upon the trial against the action of the receiver. He should not have been permitted, as he was to recover a judgment for the possession of the property or for its rents and profits.

This judgment should be reversed and a new trial ordered, with costs to abide event.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.