[No. 12038.   Department One. — July 1, 1887.]

## S. L. HOGUE, APPELLANT, v. JAMES N. FANNING, RESPONDENT.

CLAIM AND DELIVERY — VERDICT — FAILURE TO FIND ON VALUE — JUDGMENT — MANDAMUS — EXECUTION. — The action was brought in a Justice's Court for the claim and delivery of certain personal property, or for its value in case a delivery could not be had, and for damages for the detention thereof. The jury returned a general verdict in favor of the plaintiff, less damages claimed, but did not find in their verdict the value of the property. The justice thereupon entered judgment in favor of the plaintiff for the return of the property, or for its value, as alleged in the complaint, in case a return could not be had. *Held,* that the judgment was not void, although the verdict was erroneous in not specifically finding the value of the property, and that a writ of mandate would lie to compel the justice to issue an execution thereon.

ID. — DESCRIPTION OF PROPERTY IN JUDGMENT — REFERENCE TO COMPLAINT. — In such a case, a judgment that the plaintiff have and recover "the possession of the personal property in the complaint herein described" is not void for uncertainty, if the complaint specifically describes the property sued for.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*W. D. Grady,* for Appellant.

*Wharton & Shaw,* for Respondent.

FOOTE, C. — According to the stipulation of the parties, the following appear to be the facts in this case: —

1. "That heretofore, to wit, on the first day of March, 1886, one J. N. Fanning commenced an action in the Justice's Court of the fourth township, county of Fresno,

state of California, against one Andrew Farley, for the re-
covery of the possession of a certain mare and colt, or
for the sum of $275, the value thereof, in case a delivery
could not be had; and for $50 damages for the detention
thereof, with cost of suit."

Said action was in the usual form of actions for claim
and delivery of personal property.

That on the sixteenth day of September, 1886, said
cause was duly tried before the defendant, S. L. Hogue,
a justice of the peace, with a jury; and after the evi-
dence was introduced in said cause, the said jury re-
turned the following verdict: —

> "SELMA, September 16, 1886.
>
> "We, the jury, in the case of *Fanning* v. *Farley*, find
> for plaintiff, less damages claimed.
>
> "C. S. STANTON, Foreman."

That thereupon the said justice made and entered the
following judgment in said cause: —

> "In accordance with the foregoing verdict, and the
> premises having been by the court considered, it is or-
> dered and adjudged that the plaintiff, J. N. Fanning, do
> have and recover from the defendant, Andrew Farley,
> the possession of the personal property in the complaint
> herein described and filed, or for the sum of $275, in
> case a delivery cannot be had, together with said plain-
> tiff's costs of suit herein paid out and expended.
>
> "Done in open court this sixteenth day of September,
> 1886.          S. L. HOGUE, Justice of the Peace."

That thereafter, on the tenth day of November, 1886,
it having been stipulated that defendant's counsel have
time to file the same, defendant's counsel filed a motion
to set aside the verdict and vacate the judgment filed;
and on the twenty-sixth day of said month, the said
court denied said motion; and on the tenth day of Janu-
ary, 1887, plaintiff's counsel asked for an execution in
said case to issue, whereupon the said justice of the

peace refused to issue said execution in the said case, unless ordered to do so by the honorable superior judge of Fresno County, for the following reasons among others: "That before the entering of the judgment in his docket, one J. R. Webb, attorney for plaintiff, wrote said justice that the verdict was not good; and that said justice had concluded and consented that said judgment was void. He refused to act, unless so ordered by the Superior Court.

" That thereafter the plaintiff, J. N. Fanning, on the eleventh day of January, 1887, applied to the Superior Court of Fresno County for an order directing the said S. L. Hogue to show cause on the twenty-second day of January, 1887, why a writ of *mandamus* should not issue, compelling the said justice to issue an execution in said case.

" That on the twenty-second day of January, 1887, the said justice, having made his return, from which it appears that he refused to issue said execution, for the reasons hereinbefore set out, the said Superior Court, after hearing argument in said matter and being fully advised, made and entered its judgment, granting peremptory writ of *mandamus*, directing the said defendant, S. L. Hogue, as justice of the peace, to issue execution in said case for the enforcement of said judgment; and from which judgment granting said writ the said defendant appealed to this court."

It is contended by the appellant that the peremptory writ of mandate issued to the justice who tried the case and rendered the judgment was improper, because, as is alleged,—

1. The judgment was void from the fact that it was based upon a verdict of the jury which failed to find the value of the property, for the recovery of which or its alternative value the action was instituted.

2. Because, as is claimed, the judgment does not con-

tain a sufficient description of the property sued for, and is void on its face.

We cannot concur in the view of the law thus entertained by the appellant. The verdict of the jury was erroneous, in that it did not find the value of the property, but the court, when it came to render the judgment, in the exercise of its judicial functions evidently concluded that the jury intended to find for the plaintiff upon all the issues made by the pleadings, except with reference to his demand for fifty dollars damages for the detention of the property, which was found against him.

The value of the detained property was set out in the complaint as $275, the amount for which the court gave judgment, and from an inspection of the verdict of the jury, it is plain that their intention was to find the plaintiff entitled to recover this sum of money from the defendant, in case the specific personal property sued for should not be returned to him.

In rendering the judgment, the court committed an error, but the judgment being regular in form, and jurisdiction being had by that tribunal, both of the person of the defendant and the subject-matter of the action, the judgment was not void on that account, but might have been reversed on appeal.

We have been able to find no case which is precisely in point, but the reasoning of this court in *Hunter* v. *Hoole*, 17 Cal. 420, seems conclusive of the view we entertain.

The second point made by the appellant is not tenable, for upon inspecting the complaint to which the judgment refers for a description of the property sued for, it will be found that it is full and ample, and therefore, under the rule of law, *certum est quod certum reddi potest*, the judgment is not void for want of certainty.

The defendant did not appeal from the judgment, and it being merely erroneous and not void, it was the duty of the justice to have issued execution as requested.

Failing in this duty, it was the plaintiff's right to invoke the writ of mandate issuing from the Superior Court. (Code Civ. Proc., sec. 1085.)

The judgment should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.