[Crim. No. 1291.  In Bank.—June 11, 1906.]

## THE PEOPLE, Respondent v. WILLIAM J. TREBILCOX, Appellant.

CRIMINAL LAW — MURDER — INSTRUCTION—VOLUNTARY INTOXICATION— OMISSION OF QUALIFICATION NOT PREJUDICIAL.—Upon a prosecution for murder an instruction upon the subject of voluntary intoxication of the defendant before the homicide should not have omitted the qualifying words, ''when safe and responsible,'' but such omission was not prejudicial when it was covered by other qualifying instructions.

ID.—''EMOTIONAL INSANITY''—PROPER INSTRUCTION.—It was proper to instruct the jury that ''uncontrollable or irresistible impulse'' or ''emotional insanity,'' beginning on the eve of the criminal act and ending with its consummation, has no legal standing in this state as a defense to crime.

ID.—REQUESTS PROPERLY REFUSED.—The court properly refused to give requested instructions which were wholly inapplicable to the evidence or which were argumentative in their character.

ID.—MURDER OF WIFE—INTERPOSITION—INTENT TO MURDER ANOTHER.— A requested instruction that if his wife intervened between the defendant and another person whom he intended to kill the killing of his wife would only be manslaughter was properly refused, both on the ground that there was no evidence that the homicide occurred under those circumstances and that the killing of his wife under those circumstances would be murder in the first degree and not manslaughter.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial.  F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Charles W. Kitts, and John Mulroy, for Appellant.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and George L. Jones, District Attorney, for Respondent.

HENSHAW, J.—Defendant was convicted of the crime of murder in the first degree and the death penalty was imposed.  Upon his appeal the only complaint which he makes

is of errors of the court in giving and refusing to give instructions. In general, it may be said that the jury was instructed with great care and clearness. The instruction upon voluntary intoxication of which complaint is made omits the phrase "when sane and responsible." This is an important qualification, and should always be given; but its omission in this case is covered by other qualifying instructions. (*People* v. *Methever*, 132 Cal. 332, [64 Pac. 481].) Instructions 5 and 6, given at plaintiff's request, were to the effect that "uncontrollable or irresistible impulse" or "emotional insanity," beginning on the eve of the criminal act and ending with its consummation, had no legal standing in this state as a defense to crime. In this the court adopted the rule and language of *People* v. *Hoin*, 62 Cal. 120, [45 Am. Rep. 651], and *People* v. *Kernaghan*, 72 Cal. 622, [14 Pac. 560], a rule which ever since, without wavering or hesitation, has been adopted by this court. The murder was committed in the presence of an eye-witness. The defendant shot and killed his own wife. The testimony for the prosecution showed that at nine or ten o'clock of the morning of the homicide he was seen and appeared sober and rational. He then went to a gun-store and purchased a pistol, which was loaded for him. About eleven o'clock he went to a saloon, where he drank beer and appeared to be intoxicated, saying: "There will be three funerals before night." From the saloon he went to the residence of his wife, knocked at the front door, which was opened for him, and said to the witness William Allen, "Here I am, you get out." He drew the pistol from his pocket, pointed it at Allen, and said, "I have a good mind to kill you." Defendant's wife appeared and asked what was the matter. She stepped to one side. He said to his wife, "You son of a bitch, I will kill you," and fired and she fell. Within the hour he returned to the saloon, saying to its proprietor, "Hello Dick, I done it. I have shot my wife." To the city marshal who arrested him he said, "I surrender, Dan. I have killed my wife. I was drove to it." The marshal said to him that she might not be dead, and he replied, "If she aint, I intended she should be."

Some of the instructions which the court refused to give at the request of the defendant were properly refused as being wholly outside of the evidence in the case, or as being based

upon a supposititious state of facts to the existence of which there was not the slightest testimony. For example may be quoted defendant's proposed instruction two: "If it be a fact that Mrs. Trebilcox placed herself between Charles Allen and the defendant, or for any reason got in range and the defendant fired intending to strike Allen and not then intending nor expecting to strike Mrs. Trebilcox, then the defendant cannot be convicted of murder in either the first or second degree, and can be convicted of no crime higher than manslaughter." This instruction is quoted as an example of those which were presented to the court and which were properly refused. In the first place, as to the facts there was not the slightest testimony that the homicide occurred under these circumstances, and, in the second place, instruction is as erroneous in law as it is in fact, since the homicide by one who kills another under such circumstances is not manslaughter, but murder in the first degree. (*People* v. *Suesser*, 142 Cal. 365, [75 Pac. 1093].) Other instructions were properly rejected as being purely argumentative in their character in asking the jury to pay particular attention to this or that or the other circumstance as tending to show the irresponsibility or insanity of the defendant.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., Angellotti, J., Shaw, J., Sloss, J., Hall, J., and Beatty, C. J., concurred.

NOTE.—Justice McFarland being unable to act, Justice Hall, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore*, pursuant to section 4 of article VI of the constitution.