[Civ. No. 3909. First Appellate District, Division One.—October 29, 1921.]

## W. S. CARVELL, Respondent, v. L. F. WEAVER, Appellant.

[1] CLAIM AND DELIVERY—JUDGMENT—FAILURE TO DETERMINE VALUE AND DIRECT PAYMENT—CONVERSION—BAR.—Where the judgment in a claim and delivery action is that the property be returned to the defendant (it having been delivered to the plaintiff under a writ of possession), but that judgment fails to direct that if a return of the property cannot be had the plaintiff shall pay to defendant its value fixed at a certain amount, that judgment will not constitute a bar to a subsequent action by defendant for damages for the conversion of the property, following plaintiff's refusal to redeliver it.

[2] ID. — FAILURE TO DEMAND RETURN OF PROPERTY — ISSUES — ERRONEOUS JUDGMENT.—Where, in a claim and delivery action in which the plaintiff has obtained possession of the property, the defendant does not demand a return of the property or its value, contenting himself with a demand for the repayment to him of the sum of his installment payments on account of the property under a conditional sale contract with damages for the detention of the property, a judgment directing the return to him of the property upon payment of the balance due under the contract, though without the issues, is only erroneous and not void.

[3] CONVERSION—LEGAL TITLE—RIGHT OF POSSESSION.—The legal title to property is not always necessary to an action for conversion, but any special valuable interest in the property accompanied with the right of possession is sufficient to form the basis of such an action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Henry C. Gesford, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Franklin T. Poore for Appellant.

Milton A. Nathan and W. C. Wilde for Respondent.

KERRIGAN, J.—This is an action for damages for the conversion of a Ford automobile.

On October 25, 1915, under a conditional contract the plaintiff, W. S. Carvell, purchased from the assignors of defendant L. F. Weaver, an automobile for which Carvell agreed to pay the sum of $508.50. Of this sum $200 was paid at the date of the contract, and the balance, with interest upon its diminishing residuum, was to be paid at the rate of $35 per month. None of these monthly payments were made upon their due date, but when tendered were accepted by the vendor of the automobile. On the twenty-second day of April following, there being overdue $20 upon an installment of said purchase price falling due in March, Weaver commenced an action in claim and delivery in the justice's court, and under a writ of possession the automobile was delivered to Weaver. Carvell in his answer to the complaint in said action did not pray for its return, but denied the allegations of the complaint and in addition alleged that Weaver had repudiated the contract. He accordingly demanded judgment for the sum of the payments made by him, and damages for the detention of the motor-car.

The justice of the peace, proceeding doubtless upon the theory that Weaver had a right to enforce the literal terms of the contract notwithstanding that under the authorities there had been, by reason of the vendor's acceptance of overdue payments, a waiver of the forfeiture clause of the contract until reasonable notice was given to the vendee that the terms of the contract as to time of payment would be strictly enforced, awarded plaintiff therein judgment; but the superior court, on appeal, applying this doctrine of waiver, rendered judgment in favor of Carvell for the return of the automobile upon payment

of the balance due under the contract and costs. Thereafter Carvell tendered Weaver such balance, but Weaver, while paying the costs, refused to accept such balance, stating that he did not have possession of the car and did not know its whereabouts, and refused to deliver it.

[1] In rendering its judgment on appeal the superior court failed to direct that if a return of the property could not be had Weaver should pay to Carvell its value fixed at a certain amount. Hence, when it appeared that Weaver was unable to return the property and that Carvell's interests had not been fully protected by the judgment, the latter about a year after the rendition of the judgment commenced this action against Weaver for damages for the conversion of said automobile, and obtained judgment.

It is not claimed upon this appeal that the judgment in the former action constituted a bar to this action. Carvell's damages for the conversion of the automobile, it appears, were never actually litigated or passed upon. This action, therefore, is clearly maintainable (*Nickerson* v. *California Stage Co.*, 10 Cal. 520). In the case cited the plaintiff brought an action of replevin against the defendant to recover certain property, and obtained judgment for its restitution and damages for the illegal detention thereof. Defendant paid the damages but the property was not restored. Plaintiff then brought an action of trover to recover its value, to which action the defendant pleaded the former judgment as a bar. It was held that the judgment in the replevin suit did not constitute a bar to the action of trover, the judgment in replevin not having been satisfied.

[2] It will be noted, as already stated, that Carvell in the claim and delivery action commenced against him by Weaver did not demand a return of the automobile or its value, contenting himself with a demand for the repayment to him of the sum of his installment payments with damages for the detention of the car. The superior court, however, on appeal went outside of the issues, and directed such return upon payment by Carvell of the balance due under the contract. For this reason Weaver claims that the judgment in that action was void.

Conceding that in an action of claim and delivery, in which the plaintiff has obtained possession of the property, where the defendant makes no claim or demand for the re-

turn of the property or its value a judgment for its return or its value is not within the issue and is not permissible (*Banning* v. *Marleau*, 101 Cal. 238 [35 Pac. 772]); still it appears that the court had jurisdiction of both the parties and the subject matter; hence at most the judgment was only erroneous and not void. (*Hogue* v. *Fanning*, 73 Cal. 54 [14 Pac. 560].) **[3]** And, granting that the legal title to the automobile was in Weaver, still we have no doubt that Carvell's interest in the property was such as to entitle him to maintain this action for its conversion. The legal title is not always necessary to an action for conversion, but any special valuable interest in the property accompanied with the right of possession is sufficient to form the basis of such an action. (Bowers on the Law of Conversion, secs. 123, 383, 434; *Middlesworth* v. *Sedgwick*, 10 Cal. 392; *Green* v. *Burr*, 131 Cal. 236 [63 Pac. 360]; *Hilmer* v. *Hills*, 138 Cal. 134 [70 Pac. 1080].) However this may be, here the plaintiff alleged the facts of the case, and as the relief granted was, regardless of the technical character of his action, no more than he was entitled to receive, the action of the trial court will not be disturbed.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.