[Crim. No. 4171. In Bank.—October 31, 1938.]

THE PEOPLE, Respondent, v. BENNIE BONIFACIO ARANDA, Appellant.

308

Willard W. Shea, Public Defender, for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

WASTE C. J.—In an information filed by the district attorney of Alameda County the defendant was charged with the murder of three human beings. He entered pleas of not guilty and not guilty by reason of insanity. Thereafter defendant withdrew his plea on the general issue and entered a plea of guilty to each charge. Upon waiver of a jury, defendant went to trial before the court on the sanity issue alone. Upon overwhelming evidence the court below found the defendant to be sane. The degree of the respective homicides was thereupon fixed as of the first and defendant was sentenced to pay the extreme penalty.

Upon this "automatic" or statutory appeal he does not challenge the sufficiency of the evidence on the sanity issue. As already indicated, it points unmistakably to his sanity.

■ Defendant's first contention has to do with the asserted error of the trial court in refusing to permit the witness Applebaum to express an opinion as to his sanity at the time of the commission of the homicides. No error or prejudice resulted therefrom. It appears that the witness had not seen the defendant for several months prior to the homicides. Any question of remoteness was for the trial court's determination in the exercise of a sound discretion. (*People* v. *Boggs, ante,* p. 27 [82 Pac. (2d) 368]; *People* v. *Overacker,* 15 Cal. App. 620, 630 [115 Pac. 756].) Moreover, following objection to the question, defense counsel stated "as that time was not involved, the question would not be relevant". The district attorney stated he had "no objection to the witness giving his opinion on the defendant's sanity at the last occasion he saw him" and on cross-examination the witness declared that "we always found (defendant) perfectly normal and sane at all times". Under all of the circumstances, no error or prejudice resulted from the ruling of which complaint is made.

■ Defendant's second and final contention is that the court below erred "in finding the defendant guilty of murder in the first degree, as it is our belief that no sufficient motive for the murder was shown to make it other than murder of the second degree". We pause here to give a narrative of the facts and circumstances underlying and surrounding the commission of the three homicides of which defendant stands convicted. Defendant, a native of the Philippine Islands, though married and a father, started living with a Mexican girl several months prior to the homicides. Apparently because of defendant's failure to take the necessary steps looking to their marriage, the girl left the defendant. Several days later defendant sought out the girl in the restaurant where she worked as a waitress. For approximately one-half hour they discussed the girl's return to defendant. Upon her refusal to again live with him, defendant produced a pistol and fired at her. The shot missed its mark but struck and wounded a third person. As a fourth person approached defendant, undoubtedly with a view to disarming him, the defendant fired at him and inflicted two wounds. Defendant then assaulted the girl with whom he had been living by striking her over the head with the gun. She fled into a nearby barber shop. In the mean-

time defendant scuffled with others in the restaurant and shortly thereafter followed the girl into the barber shop. There he seized a pair of shears with which he stabbed the girl who then escaped his murderous onslaught. As a result of an ensuing scuffle with others, three Filipino boys were ultimately stabbed to death by defendant. This prosecution followed. There can be no doubt that the three unlawful and deliberate killings by defendant constituted murders of the first degree. The fact that prior to the occasion of the assaults the defendant entertained no ill-will toward his victims and no "motive" theretofore existed for the murderous assaults upon them, is immaterial. Motive is not an indispensable element of murder. Nor to constitute murder of the first degree is it essential that there should be any appreciable space of time between the intent to kill and the act of killing. They may be as instantaneous as successive thoughts of the mind. Whether the three killings were the result of the victims obtruding themselves between the defendant and the object of his vengeance or were the result of "mistake" in defendant's effort to kill the girl, they would, nevertheless, be murders of the first degree. (Sec. 189, Pen. Code; *People* v. *Suesser,* 142 Cal. 354, 362–367 [75 Pac. 1093]; *People* v. *Trebilcox,* 149 Cal. 307, 309 [86 Pac. 684].)

The judgments are, and each is, affirmed.

Edmonds, J., Curtis, J., Seawell, J., Houser, J., and Shenk, J., concurred.