## J. E. WHITTLESEY v. PAUL N. SPOFFORD.

1. LIMITATION—ACCOUNTS BETWEEN MERCHANT AND MERCHANT.— The statute of limitations cannot be interposed in bar to an action upon an open account concerning merchandise between merchant

and merchant, though none of the items of the account bear date within two years before the institution of the suit.

2. OPEN ACCOUNT—STATED ACCOUNT.—The fact that a balance is shown in an account and claimed in a suit, does not make it less an open account. The term open account is used in contradistinction to a stated account, wherein the account is closed by an assent to its correctness by the party charged.

ERROR from Harris.    Tried below before the Hon. James Masterson.

The following is the agreed statement of the case, viz: " On the 17th day of March, 1874, appellees, as surviving members of the firm of Spofford, Tileson & Co., instituted this suit against Whittlesey and Alexander, on an account attached to the petition, (marked 'Exhibit A,') containing items of debit and credit, the last item being more than two years before the institution of this suit.*

" Defendant Alexander filed special exception of limitation of two years, and demurrer, and answered that he was not a partner.    The court overruled the exception of limitation, and the jury found for Alexander, upon his plea denying the partnership.

" Defendant Whittlesey, on the 10th day of November, filed his amended answer, as follows: 'Now comes the defendant, J. E. Whittlesey, and by leave of this court first being had, and amends his answer in this cause, heretofore by him filed, and says, if he ever was indebted to plaintiffs, the same is a stale demand, and is and was barred by lapse of time on and before the institution of this suit, to wit, two years since the last item charged in the account sued on.    Wherefore he pleads the statute of limitations of two years, and asks to be discharged, with his costs,' &c.

" On the trial, defendants requested the following charge to the jury: 'That if the evidence shows that the last item charged in plaintiffs' account accrued more than two years

* NOTE.—The account contained in the agreed statement is lengthy, and is omitted.

before the institution of this suit, then, under defendants' answer setting up as a defense the statute of limitations of two years, they will find for defendants.'

"Which charge was refused by the court in this language: 'Refused. If the allegations in petition are true, which is submitted to the jury, the statute of limitations is not applicable—this case being an exception, &c.

"'JAMES MASTERSON, *Judge*.'

"The plaintiffs allege in their petition, that said plaintiffs and defendants were merchants, and in the matter of said account traded with each other as merchants, and that the action is based upon an account concerning the trade of merchandise between merchant and merchant, and made and contracted between merchant and merchant.

"The jury found for plaintiffs against defendant Whittlesey, who set up the following, in a motion for a new trial: 1. The court erred in its charge to the jury. 2. The court erred in refusing to give to the jury the charge asked by defendant. 3. The jury found a verdict contrary to law and contrary to the evidence.

"The errors assigned by defendant Whittlesey are: 1. The court erred in refusing to give the charge asked by defendant. 2. The court erred in holding (see remark of court refusing charge asked by defendant) that if the allegations of the petition were true, the case was an exception to the statute of limitations. 3. The court erred in not charging the jury that, upon the face of plaintiffs' petition and exhibit, their alleged cause of action was barred by limitation. 4. The court erred in overruling motion for a new trial. 5. Other errors, apparent of record.

"The only question in the cause: 'Is the plaintiffs' cause of action barred by the statute of limitations?'"

The briefs on file discuss this question only.

*Hill* and *Winch & Schaefer*, for plaintiff in error.

*E. P. Turner*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—This case, previously submitted, has been re-submitted, by the agreement of the parties, under and in accordance with the rule for advancing cases, made at this term of the court, upon the single question, "Is the plaintiffs' cause of action barred by the statute of limitations?"

The suit is for the balance of an account, made an exhibit in the petition, which shows debits and credits extending through several years, the last item of which is dated more than two years anterior to the institution of the suit.

The plaintiffs allege in their petition, that "said plaintiffs and defendant were merchants, and in the matter of said account traded with each other as merchants, and that the action is based upon an account concerning the trade of merchandise between merchant and merchant, and made and contracted between merchant and merchant."

The defendant pleaded the statute of limitations of two years, and upon the trial asked the court to charge the jury, "that if the evidence shows that the last item charged in plaintiffs' account accrued more than two years before the institution of this suit, then under defendant's answer, setting up as a defense the statute of limitations of two years, they will find for the defendant."

Which charge the court refused, in this language:

"Refused. If the allegations in the petition are true, which is submitted to the jury, the statute of limitations is not applicable, this case being an exception."

The part of our statute that makes the exception referred to, is as follows: "And all actions, upon any account other than open accounts, concerning the trade of merchandise between merchant and merchant, their factors and servants, shall be commenced within two years next after the cause of such action shall have accrued, and not afterwards." (Paschal's Dig., art. 4605.)

The account exhibits a number of items of charges in the regular line of merchandise on each side. It was properly

submitted, in substance, to the jury, to find whether or not the transactions embraced therein were the dealings of merchants, concerning the trade of merchandise; which their verdict in favor of the plaintiffs fully established. (Bass *v.* Bass, 8 Pick., 189.)

The fact that a balance was shown in the account, and claimed in the suit, did not make it any the less an open account. The term "open account" is used in opposition to a stated account, wherein the account is closed by an assent to its correctness by the party charged. The account shows dealings in the nature of mutual accounts of a character pertaining to the trade of merchants in merchandise. The fact that the plaintiffs exhibit in the account the items of credit, that might, if left out, have been pleaded in offset by the defendant, did not make it a case of account on one side only, that would take it out of the exception, and subject it to the bar of the statute. (Guichard *v.* Superveile, 11 Tex., 522; Spring *v.* Gray, 6 Peters, 151.)

This question arose, and was settled in the House of Lords, upon the advice of the Chancellor, who had consulted with some of the judges of the common law, before giving his final determination in the case of Robinson *v.* Alexander, in which the statute of limitations of six years was pleaded to an account, the last item in which was dated more than six years anterior to the institution of the suit. It was held that this being an account between merchant and merchant, was not barred by the statute of limitations. (8 Bligh's Reports of cases in the House of Lords, 352, 362, 372, (decided in 1834.) This case is referred to as a leading case in subsequent decisions. The English statute is not materially different from ours, in respect to the exception made in favor of accounts between merchant and merchant in their mercantile dealings.

It was decided by the Supreme Court of the United States, the opinion being delivered by Chief Justice Marshall, " that an account closed by the cessation of dealings between

the parties, is not an account stated, and that it is not neces-
sary that any of the items should come within the five years,"
to exempt the account from the bar of the statute of limita-
tions of that period.   (Mandeville *v.* Wilson, 5 Cranch, 18,19.)

We are of opinion that the court did not err in the refusal
of the charge that was asked, and that it appearing that the
account sued on was an open account between merchant and
merchant, exhibiting mutual dealings in merchandise, the
plea of two years limitation was no bar to the suit under our
statute.

Judgment affirmed.

AFFIRMED.