istence of unpaid debts against the decedent, which must be determined by the court. Farrington v. King, 1 Brad. Sur. 182. It is important for the protection of innocent purchasers and the security of titles to real property that, if exemptions may extend beyond the life of a pensioner, the fact upon which such exemption depends be determined at the earliest possible moment, and in the first proceeding relating thereto when such exemption can be asserted. It has been determined by a court having jurisdiction of the persons of the heirs at law of the decedent that the real property in question was subject to sale by virtue of title 5 of chapter 18 of the Code of Civil Procedure. The widow and heirs at law had an opportunity to assert the claimed exemption, and failed to do so, and an innocent purchaser at a public sale pursuant to a decree of the court has accepted and paid for a deed thereof, and the parties to the proceeding should not now, in a collateral action, be allowed to deny his title.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(46 Misc. Rep. 325.)

SMITH et al. v. O'BRIEN, Sheriff.

(Supreme Court, Trial Term, New York County. February, 1905.)

1. LIEN—REPAIRS TO PERSONALTY.
   The lien given by Laws 1897, p. 532, c. 418, § 70, for work done and materials furnished in repairing personal property at the request of the owner, is lost on surrender of possession of the property by the one claiming the lien.
   [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, § 84.]

2. SAME—CONTROL BY OWNER.
   The keeper of a garage, in the absence of statute, has no lien for amount due for repairs and supplies for an automobile kept there, where the owner exercised the right to use it at his pleasure.

3. WAREHOUSE LIEN—AUTOMOBILE GARAGE.
   The keeper of a garage has no warehouse lien on an automobile, kept at the garage, which the owner used at its pleasure, it not having been stored within Laws 1897, p. 533, c. 418, § 73.

Action by Albert D. Proctor Smith and Carlton Ray Mabley against William J. O'Brien, sheriff of the county of New York. Complaint dismissed. Affirmed 92 N. Y. Supp. 1146.

Fletcher, McCutchen & Brown, for plaintiffs.
Robert D. Murray, for defendant.

CLARKE, J. This action is submitted to the court, a jury being waived, upon the pleadings and an agreed statement of facts. The action is against a former sheriff, and alleges a conversion, and demands damages in the sum of $340.38.

The agreed statement sets forth that plaintiffs were engaged in the business of buying, selling, storing, and repairing automobiles for hire; that they maintained a garage in this city where automobiles were cleaned, repaired, and kept in proper condition and stored for owners; that between the 25th of April, 1902, and the 3d of

November, 1902, the plaintiffs kept in their garage an automobile belonging to one Perry; and that during said period, at his request, they performed certain work, labor, and services upon said automobile, and furnished materials for the repair and alteration thereof, in a way which enhanced the value of the same, which work, labor, services, and materials were reasonably worth the sum of $270.38, no part of which has been paid. For the keep and care of his automobile in their garage Perry agreed to pay to plaintiffs $20 per month, and on the 15th day of November, 1902, Perry was in arrears in his monthly payments for August, September, and October, and that portion of November which had expired. During the times Perry kept his automobile at plaintiffs' garage he removed it from the garage, operating and enjoying its use from time to time at his pleasure. On November 3, 1902, defendant, as sheriff, received an execution in an action in favor of plaintiffs, in which action one Edson was plaintiff and said Perry was defendant, and on the same day levied the execution upon Perry's automobile in plaintiffs' garage. The deputy sheriff placed a keeper in charge of the automobile. Between that time and the 16th of November, 1902, plaintiffs notified the deputy sheriff that they had a claim or lien upon such automobile for storage, and for work, labor, and services and materials furnished, and, for the purpose of giving notice of such claim or lien, locked the forward and rear wheels with a padlock and chain, and that thereafter said padlock and chain were taken off by a representative of the sheriff. The sheriff's keeper remained constantly in charge of the automobile in the plaintiffs' garage until November 15, 1902. The sheriff advertised the automobile for sale on November 14, 1902, and sold it at public auction to the highest bidder. On November 24, 1902, the claim of plaintiffs to said automobile under their lien was tried before a sheriff's jury, who rendered a verdict for plaintiffs.

Plaintiffs claim: First, an artisan's lien to the extent of $270.38. Section 70 of the lien law (Laws 1897, p. 532, c. 418) provides:

"A person who makes, alters, repairs, or in any way enhances the value of an article of personal property, at the request or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done, and materials furnished, and may retain possession thereof until such charges are paid."

This is, in effect, declaratory of the common law. It is clear that a lien is a right of detainer, and that it is dependent upon possession. The facts do not sustain the claim of possession under a claim of an artisan's lien. The automobile had not been continuously held by plaintiffs for the purpose of securing the payment of the amount due for the repairs and supplies. On the contrary, "during the times Perry kept his automobile at plaintiffs' garage he removed it from the garage, operating and enjoying its use from time to time at his pleasure." It is clear to me that the credit must be held to have been given to the owner as a personal credit, and that no lien can be held to have attached. The garage is the modern substitute of the ancient livery stable, and it was always the common law that the livery stable keeper had no lien, because the

owner had and exercised the right of use of the horse kept, and so the continuous possession was destroyed. As said by Chief Justice Best in Bevan v. Waters, 3 Car. & Payne, 520:

"There is no lien, because the horse is subject to the control of its owner, and may be taken out by him; and the first time it goes away there is an end of the lien."

In Grinnell v. Cook, 3 Hill, 491, 38 Am. Dec. 663, the court said:

"If the owner gets the property into his hands without fraud, the lien is at an end, and it will not be revived by the return of the goods."

So in Jackson v. Cummins, 5 Mees & Wels. 342, in the case of milch cows, Parke, B., said:

"From the very nature of the subject-matter, the owner is to have possession of them during the time of milking, which establishes that it was not intended that the agister was to have the entire possession of the thing bailed. * * * This claim of lien is therefore inconsistent with the necessary enjoyment of the property by the owner."

So in McFarland v. Wheeler, 26 Wend. 474, it was held:

"The right and exercise of occasional control and possession by the owner must terminate any lien."

So clearly has it been established that this interruption of possession destroyed the lien that the Legislature passed a statute for the purpose of bringing livery stable keepers within the protection of the lien law. The garage keeper is like unto the livery stable keeper, but he comes not within the language of the statute:

"A person keeping a livery stable, or boarding stable for animals, or pasturing or boarding one or more animals, or who in connection therewith keeps or stores any wagon, truck," etc.

As the livery stable keeper did not come within the common law, neither does the garage keeper, and he is not to be put under a statute providing for the keep of animals, but must have a statute of his own if he is to have a lien.

Second. Plaintiffs claim they are to have a lien for storage as warehousemen. But again the same course of reasoning prevents, because, while they may have kept a storage place, this automobile was not stored within the meaning of the lien law, being continuously or occasionally upon the road at its owner's pleasure; and the right so to use it destroyed the possession, and demonstrated that the credit was given to the owner, and not the goods. Complaint dismissed, with costs.

Complaint dismissed, with costs.