THOUROT v. DELAHAYE IMPORT CO.

(Supreme Court, Appellate Term.   November 22, 1910.)

1. LIENS (§ 1*)—PERSONAL PROPERTY—NECESSITY OF POSSESSION—COMMON-
   LAW RULE.
   At common law either actual or constructive possession is essential to
   a lien upon personal property.
   [Ed. Note.—For other cases, see Liens, Cent. Dig. § 4;  Dec. Dig. § 1.*]

2. CHATTEL MORTGAGES (§ 143*)—LIEN OF BAILEE—POSSESSION—NECESSITY—
   MOTOR CARS—REPAIRS.
   The keeper of a garage, who had a lien upon two motor cars for re-
   pairs, etc., delivered the cars to the owner, who agreed that his lien
   should not thereby be divested.  The cars were subsequently taken from
   the possession of the owner by the holder of a mortgage on them for the
   purchase price, and sold under a judgment against the owner.  Held, that
   the lienor could not enforce his lien against defendant, who was a third
   party, unless he had continued actual possession of the cars, under Lien
   Law (Consol. Laws, c. 33) § 184, providing that a person keeping a garage
   may have lien for repairs, etc., upon motor vehicles, and may detain such
   vehicles at any time they may be lawfully in his possession until his serv-
   ices are paid for.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 240;
   Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action to foreclose a lien by Paul Thourot against the Delahaye
Import Company.  From the judgment dismissing the complaint, plain-
tiff appeals.  Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Morris W. Hart, for appellant.

Putney, Twombly & Putney, for respondent.

SEABURY, J.  The present action is brought to foreclose the plain-
tiff's alleged lien upon two motor cabs.  Plaintiff was engaged in the
vocation of repairing motor vehicles.  The Prince George Carriage
Company was the owner of two motor cabs.  The plaintiff performed
services and furnished materials in and upon said motor cabs of the
agreed and reasonable value of $546.60, of which a balance of $406.60
remains unpaid.  The motor cabs were purchased by the Prince George
Carriage Company from the defendant, subject to a mortgage given
by the Prince George Carriage Company to the defendant to secure
the payment of $4,941.50.  Under the terms of the mortgage the de-
fendant was authorized to take possession of and sell said motor cabs
in the event of any default by the Prince George Carriage Company.
The Prince George Carriage Company defaulted in its payments, and
on January 12, 1910, it was indebted to the defendant on account of
the purchase price in the sum of $2,864.81.  On this day the defend-
ant instituted an action of replevin against the Prince George Carriage
Company, and in that action the two motor cabs were seized by the
sheriff while they were in the possession of the Prince George Carriage
Company.  Subsequently the motor cabs were sold at public auction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under a judgment rendered in favor of the defendant against the Prince George Carriage Company.

After the plaintiff had made the repairs upon the motor cabs, he voluntarily delivered the possession of said cabs to the Prince George Carriage Company, and the latter agreed that such delivery of possession should not divest the plaintiff of his lien, and that such lien should continue in full force and effect until the entire sum due the plaintiff should be paid. Independent of statute, it is clear that the plaintiff has no lien. Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. Supp. 673. The plaintiff asserts his right to a lien under section 184 of the lien law (Consol. Laws, c. 33). Section 184 of the lien law, conceded by both sides to be applicable, provides as follows:

"A person keeping a garage or a place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article 11 of the highway law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline or other supplies therefor, and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid."

Under the common law possession is essential in order to support a lien upon personal property. McFarland v. Wheeler, 26 Wend. 467; Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. Supp. 673. Possession is also essential in order to support a lien under section 184 of the lien law. The language used in this section makes it clear that such was the intention of the Legislature. The section permits a garage keeper and those therein mentioned to "detain such motor vehicle at any time it may lawfully in his possession until such sum is paid." There is nothing in this language suggestive of any intention to permit the assertion of a lien independent of possession. Section 184 of the lien law contemplates that a lien may be asserted by one of those mentioned only when the motor vehicle is "lawfully in his possession." It is only under such circumstances that the lienor is in a position to "detain" it. It probably is true that under the statute, as under the common law, the possession upon which a lien is founded may be actual or constructive. While continued actual possession may not be necessary as between the immediate parties, we think continued actual possession is essential between the lienor and third parties situated as were the parties to this action. McFarland v. Wheeler, supra.

The appellant relies on the case of Scott v. Delahunt, 65 N. Y. 128, and similar cases; but these authorities are in no way contrary to the views here expressed. In Scott v. Delahunt, supra, the court held that a shipwright, to whom a boat had been delivered by the owner, has a lien thereon for necessary repairs while it remains in his possession, which is superior to that of a mortgagee.

The agreement which the plaintiff made with the Prince George Carriage Company that the plaintiff's lien should continue notwithstanding that the plaintiff surrendered possession cannot alter the situation in so far as the defendant is concerned. The object of the statute was

to give garage owners and those therein specified a lien; but it was not intended, as between a lienor and third parties, to change the common-law rule as to the necessity of possession in order to preserve the lien.

The complaint was properly dismissed, and the judgment should be affirmed, with costs. All concur.