[Civ. No. 1356. Second Appellate District.—September 20, 1913.]

NATIONAL LUMBER COMPANY (a Corporation), Appellant, v. TEJUNGA VALLEY ROCK COMPANY (a Corporation), et al., Respondents; HARRY E. DEAN et al., Defendants.

SALE OF RAILROAD TIES—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS.—In this action to recover the price of railroad ties sold to one of the defendants, the evidence supports a . finding that there was no agreement made by the defendant who subsequently took possession of the ties, to pay the plaintiff for them.

ID.—CONVERSION OF TIES—ACTION THEREFORE BY SELLER.—One who has sold railroad ties which are subsequently converted by a third person, cannot recover from the latter for conversion, for possession or the right of possession is necessary in order that plaintiff may recover in conversion.

LIMITATION OF ACTIONS—OPEN BOOK ACCOUNTS—STATEMENT OF ACCOUNT.—The amendment of 1907 to section 337 of the Code of Civil Procedure, extending the time for bringing actions upon open book accounts, has no application when a statement of account has been rendered and its correctness admitted.

ID.—ACCOUNT STATED—STATUTE OF LIMITATIONS.—A stated account, in the absence of written promise to pay, creates a new cause of action, becomes and is an obligation not founded upon an instrument in writing, and is therefore barred under section 339 of the Code of Civil Procedure after two years.

ID.—PERIOD OF LIMITATION—ENLARGING BY RENDERING STATED ACCOUNT. A stated account, rendered long after an original statement which determined the right of the parties to sue, does not enlarge the time within which suit can be brought upon the original account stated.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Flint, Gray & Barker, and F. E. Davis, for Respondents.

ALLEN, P. J.—In what is hereinafter said the respondent Tejunga Valley Rock Company is denominated the ''Valley Company,'' while the respondent Tejunga Rock Company is mentioned as the ''Rock Company.''

Plaintiff by its complaint filed January 20, 1911, declared upon five alleged causes of action, the first being that on March 14, 1908, plaintiff sold and delivered to defendant Valley Company a quantity of railroad ties under an agreement on the part of said defendant to pay therefor the sum of $1,639.20; that afterward the Rock Company took possession of said ties, agreeing to pay plaintiff therefor. The second cause of action alleged the sale and delivery by plaintiff to both companies, while the fifth cause of action alleged

facts tending to show a conversion of the ties by both defendants, and the fourth cause of action declared against both companies upon a stated account rendered in 1910. The Valley Company by its answer denies all of the allegations of the complaint. No answer of the Rock Company appears in the record, other than an amendment to an answer which amendment pleads the bar of the statute. It refers, however, to an answer on file. The findings of the court are in favor of the plaintiff as to the alleged sale and delivery to the Valley Company, but in favor of defendants upon all other issues; and the court further finds that the cause of action arising from the sale was barred at the commencement of the action by section 339 of the Code of Civil Procedure. Judgment was entered in favor of both corporations defendant. From this judgment, and from an order denying a new trial, plaintiff appeals upon a bill of exceptions. This bill of exceptions shows that the parties assumed upon the trial that an issue was presented by both defendants, and upon that assumption evidence was introduced by the parties in respect thereto, and the court in its findings so considered the case as thus presented; in fact, appellant raises no question as to the omission of the Rock Company in presenting issue. Upon this appeal we will therefore consider that the case was tried regularly and after all material issues had been tendered.

Appellant's principal contention is that there is no evidence supporting the finding that no agreement was made by the Rock Company to pay plaintiff when it took possession of said ties. The bill of exceptions develops that evidence was received tending to show the following facts: That the sale and delivery of the ties mentioned by plaintiff to the Valley Company was upon sixty days' time. A cause of action accured by virtue of the sale in favor of plaintiff and against the Valley Company May 17, 1908. When the sale was made plaintiff's bookkeeper made an entry thereof upon its books, and after the maturity of the claim, and after October, 1908, rendered monthly statements to the Valley Company which it conceded to be correct. In April, 1908, the Rock Company was incorporated with a capital stock of two hundred thousand dollars, represented by two hundred thousand shares of one dollar each, and in May following one Peckham

proposed to the Rock Company to transfer to it certain assets of the Valley Company in consideration of the issue to him of one hundred and ninety-nine thousand nine hundred shares of the company's stock. About the same time the Rock Company absorbed another corporation, called the Standard Rock Company, engaged in like business, and the agreement was that the stock isued by the Rock Company to Peckham should be divided by him among all interested parties, including the shareholders in the Valley Company and the Standard Company. While the stockholders in the Valley Company were given stock in the Rock Company, no property of the Valley Company was ever transferred. In truth, it seems to have had no property of any value, except these ties, and they were not included in the proposed transfer. While as a fact neither the plaintiff nor the Rock Company had any property in these ties, yet negotiations were kept alive looking to payment thereof by the Rock Company whenever it could issue bonds, or should have occasion to use such ties. It does not appear that bonds were ever issued, but the Rock Company appropriated the ties to its own use some time in the year 1909 or 1910, without payment to the Valley Company or to any other one. It will be thus seen that, not only is there an absence of agreement upon the part of the Rock Company to pay plaintiff, based upon a consideration, for during all the time it was negotiating with the Rock Company plaintiff had no property interest in the ties, and could transfer nothing to the Rock Company, even upon payment, but nothing in evidence tends to show that the Rock Company's incorporation was intended to be or was a reorganization or consolidation of the Valley Company sufficient to bring it within the rule that "neither law nor equity will permit one corporation to take all of the property of another, deprive it of the means of paying its debts, enable it to dissolve its corporate existence and place itself beyond the reach of creditors, without assuming the liabilities." The evidence shows that the Valley Company parted with nothing, and the mere fact that Peckham got sixty-six thousand shares of the Rock Company's stock without consideration in no wise tends to strengthen plaintiff's claim against the Rock Company, and the transaction is not such as will raise the presumption of an agreement upon the part of the Rock

Company to pay a debtor of the Valley Company. We think the claim of appellant that the court erred in finding a bar to the claim of plaintiff against the Valley Company is without merit.

The amendment of 1907 to section 337 of the Code of Civil Procedure [Stats. 1907, p. 599] extending the time for bringing actions upon open book accounts, has no application under the facts of this case, were it conceded that the entry upon plaintiff's books of this single transaction constituted an open book account. Nevertheless, when a statement of account was rendered in June, 1908, and its correctness admitted, the same as a stated account superseded the original account and furnished a new contract. (*Auzerais* v. *Naglee*, 74 Cal. 60, [15 Pac. 371].) The term "open account" is in opposition to a stated account the correctness of which is admitted. (*Whittlesey* v. *Spofford*, 47 Tex. 13.) A stated account, in the absence of written promise to pay, creates a new cause of action, becomes and is an obligation not founded upon an instrument in writing, and is therefore barred under section 339 of the Code of Civil Procedure after two years. There is nothing in the record justifying the claim of inaccuracy as to the finding relating to the alleged conversion, or the cause of action claimed to have arisen by reason of the stated account in 1910. As to the Valley Company, the transaction was one of purchase; as to the Rock Company, whatever may have been done by it by way of converting the ties, the same only affected the Valley Company, owner of the ties, for possession or the right of possession is necessary in order that plaintiff may recover in conversion. (*Middlesworth* v. *Sedgwick*, 10 Cal. 393.) A stated account, if rendered in 1910, long after the original statement which determined the rights of the parties to sue, would not have the effect to enlarge the time within which suit could be brought upon the original account as stated.

We see no error in the record warranting a reversal of the judgment and order, and the same are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1913.