[Civ. No. 4349. First Appellate District, Division Two.—June 28, 1923.]

LOUIS GOODMAN et al., Appellants, v. ANGLO–CALIFORNIA TRUST COMPANY (a Corporation), et al., Respondents.

[1] LIENS—REPAIR OF AUTOMOBILE.—Under section 3051 of the Civil Code, where a repairman makes repairs to an automobile at the request of the legal possessor thereof a lien is created in favor of such repairman.

[2] ID.—REDELIVERY OF POSSESSION—LOSS OF LIEN—AGREEMENT INEFFECTIVE AGAINST REAL OWNER.—Where the former legal possessor of an automobile executes an agreement transferring all his interest in the automobile to a repairman for the protection of the latter until his repair bill is paid, and the repairman thereupon permits the automobile to be taken from his possession, such written agreement cannot have the effect of preserving the repair-

1. Right of owner of garage or livery-stable keeper to lien on automobile for repairs, notes, **Ann. Cas.** 1916A, 630; 1 **L. R. A. (N. S.)** 240.

man's lien as against a third party who is the real owner of the automobile.

[3] ID.—WORK DONE BY OTHERS.—Under section 3051 of the Civil Code, a lien can arise in favor of an automobile repairman for work done upon an automobile, even though such work is not done directly by the repairman.

[4] ID.—EXCESSIVE DEMAND—ABSENCE OF TENDER OF AMOUNT DUE—WANT OF PREJUDICE.—Where a repairman has a valid lien upon an automobile for certain repairs made at the request of the legal possessor thereof, the rights of the real owner are not prejudiced by the fact that the repairman's claim of lien is for too large an amount, his lien for earlier repairs having been lost, if such real owner does not tender the actual amount due.

[5] ID.—LIEN SALE OF AUTOMOBILE—RIGHTS OF PURCHASER—FAILURE TO PERFECT LEGAL TITLE.—Where there has been a valid sale of an automobile, pursuant to the provisions of sections 3051 and 3052 of the Civil Code, to satisfy a repairman's lien, the purchaser at such sale becomes the equitable owner of the automobile, with the right to possession and to demand the documents required by the Motor Vehicle Act to complete his title and which the lien claimant, as the successor in interest of the registered owner, has the power to make; and the failure of such purchaser to perfect his legal title to the automobile does not give third persons the right to step in and deprive him or his vendee of its possession.

[6] PARTNERSHIP—FILING OF CERTIFICATE UNDER SECTION 2466, CIVIL CODE—TIME.—Although the certificate required by section 2466 of the Civil Code, as to persons doing business under a fictitious name, is not filed at the time of the filing of the action or at the time the answer is filed, it is sufficient if it be filed prior to the trial of the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph A. Brown for Appellants.

F. A. Denicke and H. S. Young for Respondents.

LANGDON, P. J.—This action was brought to recover a Hudson automobile or its value from the defendants. From a judgment against them the plaintiffs appeal.

Plaintiffs alleged ownership and right of possession in themselves and that the defendants were wrongfully detaining the automobile; that the actual value of the same was $1,000. The answer denied the allegations of the complaint. The findings are really conclusions of law. They recite that the plaintiffs were not at any time the owners, nor entitled to the possession of the automobile and that the defendant bank, at all times mentioned in the complaint, was the owner of the property and entitled to the possession of the same, and that the automobile was not wrongfully detained by the defendants. It becomes necessary for us to go back to the evidence and to state the undisputed facts. [1] Some time about October, 1920, James S. Brian was in possession of the automobile in dispute by virtue of a certain conditional sales contract which had been assigned by the original vendor to the defendant bank. Messrs. Green and Gohl were in the business of repairing automobiles in the city and county of San Francisco. Brian brought the automobile to their place of business to have it repaired. They repaired the same and the charges for their services were $110. Section 3051 of the Civil Code would create a lien under these circumstances, as Brian was the legal possessor of the property and the repairs were made at his request. (*Davenport v. Grundy Motor Sales Co.*, 28 Cal. App. 409, 410 [152 Pac. 932].) However, Green and Gohl permitted Brian to take the automobile out of their possession after he had signed an agreement transferring all his right, title, and interest in the same to them for their protection until the repair bill should be paid. [2] We shall pass the question as to the sufficiency of this writing to retain the lien by evidencing an agreement of the parties that it should continue in effect, because even though this writing be held sufficient to evidence such an intention upon the part of the parties thereto, nevertheless it would not have that effect as to the bank, the real defendant here. (Sec. 2913, Civ. Code; *Thourot v. Delahaya Import Co.*, 69 Misc. Rep. 351 [125 N. Y. Supp. 827]; *Rehm v. Viall*, 185 Ill. App. 425; *McFarland v. Wheeler*, 26 Wend. (N. Y.) 467.) We may disregard, therefore, that writing.

Brian took the car away and damaged it and returned it to Green and Gohl for further repairs. It appears in evidence that on this second occasion Brian "threw the

counter-balance through the car.'' Green and Gohl there-
upon sent the case out to be welded and had bearings put
in and paid the bills for such work, amounting to $55.
These bills were admitted in evidence and appear uncontra-
dicted. The car never left the possession of Green and Gohl
after they paid these bills for welding, etc., until after it was
sold under the lien. Green and Gohl purchased the automo-
bile at the lien sale for $175, and, later, sold it to the present
plaintiffs.

We shall pause here to consider the effect of the payment
by Green and Gohl of the bills for welding, etc. [3] Re-
spondents contend that no lien could arise in favor of Green
and Gohl for work done upon the car which was not done
directly by them. In that contention, we think, respondents
are in error. In the case of *Quist* v. *Sandman*, 154 Cal.
748, 754, 755 [99 Pac. 204], it was held that the right to a
lien under sections 3051 and 3052 of the Civil Code must be
interpreted according to common-law principles. Some of the
common-law rules regarding this question, with relation to
liens upon personal property by virtue of work done, are: A
lien is acquired by virtue of the work done, and it is immate-
rial whether the work be done by the claimant or his agents.
(*Hall* v. *Tittabawassee Boom Co.*, 51 Mich. 377, 402 [16
N. W. 770].) An artisan has a lien for work done in the
way of his trade by another than himself outside his shop.
Thus, where a chronometer was left with a watchmaker to
be repaired, and the watchmaker, finding that he could not
make the repairs, sent it to another city to be repaired, it
was held that the watchmaker had a lien for the charges paid
by him for the repairs done. (*Webber* v. *Cogswell*, 2 Can.
Sup. Ct. 15.) And we are not without authority upon this
point in our own state. The case of *Quist* v. *Sandman*,
*supra*, is not only an authority for the proposition that sec-
tion 3051 of our Civil Code is to be interpreted in the light
of common-law principles, but it is direct authority for the
proposition that a subcontractor may not assert a lien, but
the lien must be asserted by the party with whom the owner
has contracted.

Now to proceed with our story. [4] Green and Gohl
called at the office of the defendant bank and explained that
there was $165 due upon the car and that it was in their
possession and they were holding it for a lien. Conceding

to the respondents that the claim of lien was for too large an amount, because the lien for the first work, amounting to $110, had been lost and the only lien existing at the time of the demand was one for $55, the rights of the lien claimants were not prejudiced in any way by this mistaken demand in the absence of any tender by the bank of the actual amount due. (*Folsom* v. *Barrett,* 180 Mass. 439 [91 Am. St. Rep. 320, 62 N. E. 723]; 17 R. C. L. 606.)

Green and Gohl gave notice of a sale under the lien and duly and regularly purchased the car at the sale. The question of their right to retain only $55 instead of $165 out of the proceeds of such sale is not involved upon this appeal. We are concerned only with the rights of an innocent purchaser from the vendee at the lien sale.

Upon the facts so far recited we think the purchasers at the lien sale received title to the automobile and consequently their vendees, the present plaintiffs, have a good title and were entitled to recover possession of the automobile or its value from the bank.

However, two technical obstacles are raised by the respondents as to the right of the appellants herein to recover: one is that they failed to comply with section 8 of the so-called Motor Vehicle Act (Act 2331b [Deering's Gen. Laws, Supp. 1917–21], approved May 10, 1915, as amended by Stats. 1917, p. 382, and by Stats. 1919, p. 191), because they failed to secure an assignment of the certificate of registration issued in the name of James S. Brian and file the same with the motor vehicle department of the state of California. The other contention is that the plaintiffs did not file with the county clerk of the city and county of San Francisco a certificate required by section 2466 of the Civil Code, stating the names in full and the places of residence of the persons transacting business under the name and style of Goodman Brothers.

As to the first objection, the Motor Vehicle Act, section 8 thereof, provides that in case of transfer of ownership of a motor vehicle by operation of law, or otherwise than by the voluntary act of the registered owner, the notice of transfer, as well as the joint statement provided for by the act, shall be signed by the sheriff or other representative or successor in interest of the registered owner in lieu of such owner. Other provisions of said act are that until the registration

certificate is transferred in the manner provided in the act, delivery of said motor vehicle shall not be deemed to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose.

[5] Giving the above-quoted provisions of the act their full value it follows that the plaintiffs did not have the legal title to the car and the attempted transfer to them by bill of sale was incomplete. However, they were the equitable owners, for they had paid the full purchase price of the car and they had the right to demand of the lien claimants the documents required by said Motor Vehicle Act to complete their title. The lien claimants were the "successors in interest of the registered owner" within the meaning of the Motor Vehicle Act and had the power to make the assignment or the affidavits required by such act for a complete transfer of title to themselves as purchasers at the lien sale. If they failed to thus perfect their own legal title after they had purchased at the lien sale, such failure only delayed the completion of the transfer to them and did not give third persons with no claim to the property the right to step in and deprive them or their vendees of its possession. When Green and Gohl purchased at the lien sale and paid the purchase price, they, individually, became the equitable owners of the property, with a right, as lien claimants and successors in interest of the registered owner, to complete the transfer to themselves, individually, of the legal title. This equitable title, coupled with the right to have the legal title perfected, devolved upon the present plaintiffs when they purchased the automobile from Green and Gohl. They acquired all the right, title, and interest in the automobile which Green and Gohl had. Therefore, while plaintiffs did not have a complete legal title because of the above-quoted provisions of the Motor Vehicle Act, they had an equitable title and a right to receive the full legal title and they had actual possession conferred upon them by the persons entitled to the possession, i. e., the lien claimants who were rightfully in possession of the property prior to the lien sale and were vested with a power of sale and absolute transfer under sections 3051 and 3052 of the Civil Code. On the other hand, the seizure of the automobile by the defendant bank was entirely without right. The bank had no shadow

of a claim to the automobile because its rights were cut off by the lien sale. It had been informed of the existence of a valid lien and had failed to make any tender to discharge the same; it had been notified of the contemplated sale under such lien and had failed to take any steps to protect its interest in the car. The plaintiffs had become at least the equitable owners of the automobile and were entitled to its possession under such equitable claim and also by reason of having been placed in possession by the lien claimants who were rightfully in possession and vested with a power of sale. (*Chucovich* v. *San Francisco Securities Corp.*, 60 Cal. App. 700 [214 Pac. 263]; *Boles* v. *Stiles*, 188 Cal. 304 [204 Pac. 848].)

Plaintiffs were entitled to recover possession of the automobile from the defendants. They were the equitable owners and had been put in rightful possession by those who had the power to transfer to them the complete legal title and the possession of the property. Replevin may be maintained by one who has a qualified property in the goods, provided he has the right to the possession. (*Lazard* v. *Wheeler*, 22 Cal. 139.)

[6] As to the other objection of the respondents with respect to the filing of the certificate required by section 2466 of the Civil Code, it is sufficient to point out that, although the certificate was not filed at the time of the filing of the action or at the time the answer was filed, it had been regularly filed prior to the trial of the action. The question is settled against the respondents by the recent case of *Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274, 282 [193 Pac. 775]. In speaking of the requirements of the section of the Civil Code under consideration, our supreme court said in said last-cited case: "We have no hesitancy in extending this rule so as to make it sufficient if there be a compliance with the statute before trial upon the issue."

There are no other matters requiring discussion and the judgment is reversed.

Nourse, J., concurred.