## MONTGOMERY COUNTY MOTOR COMPANY *vs.* STATE OF MARYLAND.

*Criminal Law—Appeal—Garage Keepers—Requirement of License—Construction of Statute.*

In a criminal case, where a fine is imposed, an appeal will lie on a question of law if that defense appears on the record from an agreed statement of facts on which the case was submitted to the lower court.        p. 234

A salesroom for motor vehicles, which is not used for the hire, or the storage for hire, of any such vehicles, does not come within the purview of Acts 1920, ch. 294, imposing a license requirement upon every keeper of "a garage for the hire, storage or sale of automobiles," and defining a "garage" as meaning a place of storage for hire or a place where is kept for hire any automobile or vehicle of which the motive power is other than animals.        pp. 234, 236

The Legislature may define certain words used in a statute, or declare in the body of an act the construction to be placed thereon, and the courts are bound by such construction, and all other parts of the act must yield.        p. 236

The title of Acts 1920, ch. 294, in reference to payment of licenses by garage keepers, is sufficient to satisfy the constitutional requirements.        p. 236

*Decided January 15th, 1925.*

Appeal from the Circuit Court for Montgomery County (URNER, C. J., PETER and WORTHINGTON, JJ.).

Criminal proceeding against the Montgomery County Motor Company, Incorporated. From a judgment of conviction and sentence, defendant appeals. Reversed.

The cause was argued before PATTISON, ADKINS, OFFUTT, and BOND, JJ.

*William F. Prettyman* and *E.. Allan Sauerwein, Jr.,* with whom were *George W. Lindsay, Talbott & Prettyman,* and *Sauerwein, Lindsay & Donaho* on the brief, for the appellant.

*Herbert Levy, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Thomas L. Dawson* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

The appellant was indicted for unlawfully keeping "a garage for the hire, storage and sale of automobiles without first taking out a license therefor. * * *" It pleaded not guilty and the case was submitted to the court on the following agreed statement of facts,

"1. The defendant, the Montgomery County Motor Company, a corporation, is the owner and occupant of two buildings in the town of Rockville, Montgomery County, Maryland, in which it conducts the business of selling and repairing Ford and Lincoln automobiles and Fordson tractors and of selling automobile and tractor parts, supplies and accessories. In one building it has its repair shops and salesrooms for supplies and accessories. The other building is occupied by the company's offices, showrooms and salesroom.

"2. That it does not hire, store for hire or keep for hire, either temporarily or permanently, any automobile or other vehicle. Its business is limited to the selling and repairing of such vehicles, supplies and accessories.

"3. That the defendant pays a trader's license based on the average annual amount of its stock. It is contended on the part of the State that this corporation should also pay a garage license as described by chapter No. 704, section 166 of the Acts of 1920, which it declines to do and it has been indicted for its failure to take out this character of license.

"4. It is further agreed that the court shall have power to enter up verdict or judgment in conformity with its finding and the right to appeal is reserved."

A verdict of guilty was found by the court and a fine imposed. This appeal is from that judgment. For the jurisdiction of this Court in such an appeal, see Code, art. 5, sec. 2; *Keller v. State,* 12 Md. 322. Chapter 294 (in the agreed statement erroneously called chapter 704) of the Acts of 1920 repeals and re-enacts, with amendments, section 166 of article 56 of the Annotated Code of Maryland, which is a codification of chapter 704, section 166 of the Acts of 1916, and provides as follows:

> "No person, firm, company, or corporation, resident or non-resident, in this State shall keep a garage for the hire, storage or sale of automobiles until they shall first have obtained a license therefor, and shall pay an annual license fee based upon the square feet of each floor for each garage."
>            (Here follows a schedule of fees.)
> "A garage, as used within the terms of this section shall mean a place of storage for hire or a place where is kept for hire any automobile, locomobile, or any vehicle of any kind the motive power of which shall be electricity, steam, gas, gasoline, or any other motive power except animals, whether such automobile, locomobile or vehicle is kept therein permanently or temporarily, but wherever such garage has included within the building a machine shop, which machine shop is definitely defined by permanent partitions in the building, the space occupied by the same shall be exempted from taxation under this act."

The sole question is: Does a sales room for motor vehicles, which is not used for the hire, or the storage for hire, of any such vehicles, come within the purview of this act?

The learned trial court, in an able opinion which presents the affirmative of the proposition as strongly as it could be stated, felt constrained to hold that it does, on the theory that otherwise the use of the word "sale" in the statute would have no meaning. Its view was that "so far as garages for the *sale* of automobiles are concerned the provision needs no definition, but with respect to garages for the

'hire' or 'storage' of automobiles, it was evidently considered desirable to make the explanation that they were places where automobiles were kept or stored for hire," because except for this explanation, the court thought, the statute would apparently have been applicable to garages where automobiles were stored gratuitously, and there might have been some uncertainty as to what the words "garage for hire" were intended to signify. The court also suggested that the defining clause "serves the purpose of indicating what classes of vehicles, in reference to motive power, the statute had in view, and of asserting its application to storage garages whether automobiles were stored there permanently or only temporarily."

But the difficulty about that theory is it assumes that the Legislature went out of its way to bring about confusion. If it felt it necessary to explain that the act was not intended to apply to places of gratuitous storage, that purpose could have been accomplished by the mere addition of the words "for hire" after the word "storage" in the first section of the act. And the classes of vehicles with reference to motive power the statute had in view, and its application to places for temporary as well as permanent storage easily, could have been indicated, without a legislative definition of "garage," which by its terms apparently excludes from the operation of the act places intended only for the *sale* of motor vehicles, if it was not intended to exclude such places.

It seems to us that the court was led astray by assuming that the word "garage," in its popular acceptation, is applicable to a store room used exclusively for the sale of automobiles by the owner of the automobiles.

We have been referred to no authoritative definition of the word which would naturally include such a place. It has been variously defined as follows: 27 *C. J.* 1107: "A modern substitute of the ancient livery stable (*Smith v. O'Brien*, 46 Misc. 325, 94 N. Y. S. at p. 674). A stable for the storage of automobiles or other horseless vehicles (*Bourgeois v. Miller*, 89 N. J. Eq. 285)." "A building in which motor vehicles are stored and cared for." *Standard Diction-*

*ary.* "A station in which motor cars are kept, sheltered, stored, repaired, cleaned and made ready for use; also a place of private storage for a motor car; a stable for motor cars." *Century Dictionary.*

And garage keeper is defined in 27 *C. J.* 1107 as, "one whose business it is to keep automobiles for hire or to keep them stored ready for use or orders." (*Revenue Collector v. Berrel,* 28 Can. Cr. Cases at 316; *Smith v. O'Brien, supra,* 673.)

It will be seen that the legislative definition is in accord with the above.

"The Legislature may define certain words used in the statute, or declare in the body of the act the construction to be placed thereon, and the courts are bound by such construction, and all other parts of the act must yield (*Farmer's Bank v. Hale,* 59 N. Y. 53). 36 *Cyc.* 1105 and 1106.

But we do not find the defining clause in the act necessarily inconsistent with the first section, or that it nullifies that section so far as the use of the word "sale" therein is concerned.

It is not unreasonable to suppose that the Legislature, in using the expression, "for the hire, storage or *sale* of automobiles" had in mind the fact that there might be garages where automobiles were kept in storage with a view of selling them for the owners, and where the storage charges were largely incidental, and might even be included in the sales fees. The use of the word "sale" took care of a situation of that kind and prevented possible evasion.

In the view we have taken of the case it is not necessary to consider the question raised as to the constitutionality of the act. If it were, we should have no difficulty. The objection is very similar to that presented in *Worcester County v. School Commissioners,* 113 Md. 305, where the constitutional requirements as to the title of the act were held to have been met.

Holding that the sales room of the defendant was not a garage as defined by the act, the judgment must be reversed.

*Judgment reversed.*