## In Re WEGNER.

WEGNER, Petitioner, v. MURPHY et al, Respondents.

(210 N. W. 986.)

(File No. 6366.　Opinion filed December 6, 1926.)

1. **Automobiles—Warehouses—Statute Requiring License and Bond for Operation of Storage Warehouse Does Not Apply to Storage of Motor Vehicles Kept for Use (Rev. Code 1919, §§ 9775-9779, as amended).**

    Rev. Code 1919, §§ 9775-9779, as amended, providing that buildings used for storing of personal property except grain and seed shall be storage warehouses and requiring owners thereof to acquire license and give bond, held not to apply to housing of motor vehicles kept by owners for frequent use.

2. **Automobiles—Statute Requiring License and Bond for Operation of Storage Warehouse Includes Winter Storage of Motor Vehicles (Rev. Code 1919, §§ 9775-9779, as amended).**

    Rev. Code 1919, § 9775-9779, as amended, defining buildings used for storing personal property except grain and seed as storage warehouses and requiring owners to acquire license

and give bond, held to apply to housing in winter of motor vehicles not kept in condition for constant use.

3. **Automobiles—One Housing Cars both for Use and for Winter Storage Must Comply with Warehouse Storage Laws Before Continuing Winter Storage (Rev. Code 1919, §§ 9775-9779, as amended).**

One housing some motor vehicles intended for constant use by owners and others for winter storage not intended for such use must as prerequisite to continuing latter class of storage comply with Rev. Code 1919, §§ 9775-9779, as amended, requiring license and bond for storage warehousemen.

Polley, J., dissenting.

Note.—See, Headnotes (1), (2) and (3), American Key-Numbered Digest, Automobiles, Key-No. 370, Motor vehicles, 28 **Cyc.** 44 (Anno.).

Certiorari to State Board of Railroad Commissioners.

In the matter of the investigation of the practices and operations of Henry J. Wegner of Pierre, relating to the storage of automobiles for hire, John J. Murphy and others, as the State Board of Railroad Commissioners, entered an order requiring the petitioner to apply for a license to conduct the business of public storage warehouse and give bond. Order directed to be modified.

*Martens & Goldsmith,* of Pierre, for Petitioner.

*Buell F. Jones,* Attorney General, and *Raymond L. Dillman,* Assistant Attorney General, for Respondents.

MORIARTY, C. On October 9, 1926, this court issued a writ of certiorari commanding the members of the board of railroad commissioners to certify to and file in this court a correct transcript of all the proceedings of said board in the matter of the investigation of the practices and operations of Henry J. Wegner, of Pierre, S. D., relating to the storage of automobiles for hire.

The return made to said writ shows that on August 11, 1926, the board of railroad commissioners made an order requiring the aforesaid Henry J. Wegner to appear before the board and furnish information concerning his practices and operations in receiving automobiles for storage. This order recited that the purpose of the investigation was to determine whether the said practices and operations of the said Wegner came within the pur-

view of sections 9775 to 9779, inclusive, of the Revised Code of 1919, and amendments thereto.

At the hearing had upon said order evidence was taken, and from that evidence the board found the facts to be as follows:

"He is the owner of and operates two buildings within the city of Pierre, one of which is devoted almost exclusively to the housing for hire of automobiles, belonging to others. The other building has one floor which is almost exclusively devoted to the housing of automobiles. In the same building, however, he conducts a repair department and sales department. He has rates applying to daily, weekly and monthly storage. The monthly storage appears to be extended largely to residents of Pierre. The cars of such local owners are not usually tagged. Where a transient presents a car for keeping, however, there is a tag placed on the car for the purpose of identification and for the purpose of indicating the date upon which the car was received. All cars are stored subject to removal by the owner thereof except that payment may be required before removed by strangers or transients. This housing or storage carries with it certain free service, such as supplying air and water. Respondent has not complied in any respect with the storage warehouse statutes."

Upon this state of facts the board decided that Wegner's business came within the purview of sections 9775 to 9779, inclusive, of the Revised Code of 1919, and the board made an order commanding and requiring the said Henry J. Wegner to apply for a license to conduct the business of a public storage warehouse and to give a bond for the faithful performance of his duties as a storage warehouseman, and compliance with the laws of this state in relation thereto.

The question presented to this court in the proceeding is whether the said order was proper under the state of facts which the board found to be established by the evidence taken before it.

Section 9775, R. C., provides as follows:

"Any building or warehouse within this state, where goods or articles of personal property of any character other than grain or seed shall be received for storage for hire, shall be known as a storage warehouse."

The succeeding sections provide for the licensing of storage warehouses, as defined in section 9775, and for the giving of a bond by the licensee, and make it a misdemeanor for any one to conduct such business without first securing a license as provided in said sections. Section 9778 specifically provides that licensed storage warehouses shall be subject to the provisions of the Code of 1919 relating to uniform warehouse receipts.

It is evident that the description, "goods or articles of personal property," as found in section 9775, is broad enough to cover any class of motor vehicles. The only further question is whether the manner in which motor vehicles were received constitutes the "storage" of such property. This question, like many others relating to motor vehicles, is a comparatively new question, and decisions strictly in point are not numerous. Practically the only decisions which can be cited as bearing upon the question are those adjudicating the right to warehousemen's liens.

Mr. Wegner's evidence before the board shows that he had been housing motor vehicles under understandings with the owners varying so widely as to constitute two entirely different classes of contracts. Under one class of contract he takes the property for what he terms "live storage," where the owner is expected to take out the vehicle for use at frequent intervals and the vehicle is kept in condition to be so used at any time. Under this class of bailment the local owner retains practically the same control over his property as if he kept it in a private garage owned or leased by him. Of this class of bailment Huddy on Automobiles says:

"The garage keeper is not a warehouseman within the meaning of a statute providing that: 'A warehouse company, warehouseman or other person lawfully engaged in the business of storing goods for hire has a lien on the goods deposited and stored with him for his storage charges.' While the garage keeper may be said to keep a storage place, an automobile kept by him subject to the orders of the owner is not stored within the meaning of such statute."

And in Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. S. 673, the court was called upon to determine whether one housing an automobile used at the owner's pleasure had a lien as a warehouseman. In that case the court said:

"While they may have kept a storage place, this automobile was not stored within the meaning of the lien law, being continously or occasionally upon the road · at its owner's pleasure.

[1]   The weight of authority seems to be to the effect that the housing of motor vehicles with the understanding that the owner is to take out the vehicle for use and at frequent intervals does not constitute storage to the extent of making the party conducting the business a warehouseman.   Such housing is more nearly similar to the renting of space to the owner of the vehicle.

[2]   The other class of housing of vehicles conducted by Mr. Wegner consists of what he terms "dead storage."   In testifying as to this class of storage Mr. Wegner stated that the term "dead storage" is applied to the storing of cars for the winter, that in such cases the cars are not kept in condition for constant use, and that some cars so stored are raised on jacks to take the pressure off the tires, and that the rate for this dead storage is usually lower than for live storage.   The housing of cars under a contract of this kind is evidently storage in the sense that makes the party conducting the business a warehouseman.   28 Cyc. 44; Fishback v. Foster, 23 Ariz. 206, 202 P. 806.

[3]   The order of the board of railroad commissioners is erroneous in so far as it may be construed to require Henry J. Wegner to secure a license, give a bond, or otherwise comply with the provisions of the storage warehouse statutes, in order to entitle him to receive motor vehicles under a contract or understanding that such vehicles shall be housed in the manner herein described as live storage.   But it is within the power and authority of the board to so modify its order as to require the said Henry J. Wegner to comply with the terms of said statutes as a prerequisite of his continuing to receive motor vehicles under contracts or understanding that he is to house said vehicles in the manner herein described as dead storage.

And the said board of railroad commissioners is ordered to modify its order herein accordingly.   No costs will be taxed in this proceeding.

POLLEY, J., dissents.