[Civ. No. 4274. Second Appellate District, Division Two.—May 5, 1927.]

## H. L. COVINGTON et al., Appellants, v. J. O. GRANT, Respondent.

[1] SALES—LEASE CONTRACT—LIEN OF REPAIRMAN—RIGHT OF VENDOR TO REDEEM—CONVERSION.—The vendor of an automobile under a "lease contract," by the terms of which title is retained in the vendor, has an interest in the automobile which gives him the right to redeem it from the lien of a repairman and, therefore, the right to immediate possession; and where the vendor tenders said repairman the entire amount of the only valid lien which the latter then has upon the automobile, but he refuses to accept such tender or to deliver up the automobile, he is guilty of conversion.

[2] LIENS—REPAIR OF AUTOMOBILE—SURRENDER OF POSSESSION—SUBSEQUENT POSSESSION.—Where a repairman surrenders possession of an automobile upon which he has made repairs, he relinquishes all right to his lien under section 3031 of the Civil Code; and

1. Title upon which trover maintainable, note, 1 **Am. Dec.** 585. See, also, 24 **Cal. Jur.** 1043; 26 **R. C. L.** 1131. Conversion sufficient to sustain trover, note, 24 **Am. St. Rep.** 795. See, also, 24 **Cal. Jur.** 795; 26 **R. C. L.** 1111. See 16 **Cal. Jur.** 346.

2. Waiver or loss of lien for storage of automobile by parting with possession, note, 31 **A. L. R.** 836. See, also, 16 **Cal. Jur.** 331; 17 **R. C. L.** 606.

his subsequent possession of the automobile for the purpose of making other repairs does not give him the right to retain possession thereof to secure payment for the former repairs.

(1) 6 C. J., p. 1151, n. 60; 38 Cyc., p. 2044, n. 57.    (2) 6 C. J., p. 1137, n. 68, 75; 42 C. J., p. 821, n. 53, p. 822, n. 62.

APPEAL from a judgment of the Superior Court of Riverside County. William H. Ellis, Judge. Reversed.

The facts are stated in the opinion of the court.

Earl D. Finch for Appellants.

George L. Wing and Thomas C. Whitlock for Respondent.

CRAIG, J.—This is an appeal upon the judgment-roll, the sole ground being that the judgment is not supported by the findings. The action is for conversion.

It appears that the plaintiffs sold an automobile to one C. L. Jones on a "lease contract," by the terms of which title was retained in the vendor. The court found that on the twenty-third day of July, 1922, Jones, while in legal possession of the car, brought it into the garage of the defendant, who, at Jones' request, performed services and supplied materials in repairing the carbureter, of the fair and reasonable value of $16.65; that thereafter the defendant Grant parted with possession of the car; that later, and on September 14, 1922, Jones, while in legal possession of the automobile, brought it in to the defendant's garage, whereupon the latter furnished further services and materials in again repairing the carbureter, of the fair and reasonable value of $1.25; that on the fourteenth day of September, 1922, the plaintiffs duly tendered to the defendant the sum of $1.25, the value of the services and materials furnished on the last-named date, and demanded possession of the automobile, which tender the defendant refused to accept, and retained possession of the machine; that the plaintiffs did not tender to the defendant the sum of $16.65 for the services rendered and materials furnished on the 23d of July.

[1] The respondent claims that in an action for conversion the plaintiffs must at least have had actual possession,

or a right to possession, prior to the conversion, in order to recover. This is the general rule. (*Middleton* v. *Sedgewick*, 10 Cal. 392; *National Lumber Co.* v. *Tejunga Valley Rock Co.*, 22 Cal. App. 726 [136 Pac. 508]; *Carvel* v. *Weaver*, 54 Cal. App. 734 [202 Pac. 897].) However, in this instance the plaintiff had an interest in the property which gave him the right to redeem from the lien of the defendant and therefore the right to immediate possession of the car. (Civ. Code, sec. 2903; *Loughborough* v. *McNevin*, 74 Cal. 250 [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773].)

[2] Appellants insist that the respondent relinquished all right to his lien under section 3031 of the Civil Code for work done and materials furnished on July 23d, by reason of having surrendered possession of the car. This is held to be the case in *Davis* v. *Young*, 75 Cal. App. 359 [242 Pac. 743], and *Goodman* v. *Anglo-California Trust Co.*, 62 Cal. App. 782 [217 Pac. 1078].

It follows that appellants having tendered to respondent the entire amount of the only lien which the latter then had upon the car, and the respondent having refused to accept the tender or to deliver the property, he was guilty of conversion. (*Bumiller* v. *Bumiller*, 179 Cal. 119 [175 Pac. 897].)

The judgment is reversed.

Works, P. J., and Johnson, J., *pro tem.*, concurred.