PARK *v.* THE HULL OF THE EDGAR BAXTER

EVERY *v.* SAME.

(*District Court, S. D. New York.* November 30. 1888.)

MARITIME LIENS—SHIPWRIGHTS—COMMON-LAW LIEN—ASSIGNMENT.

　　A shipwright holding possession of a tug under his lien for repairs assigned his claim to E., still holding possession as the latter's agent. The owner filed a libel *in personam* to recover possession of the tug, without tender of the amount owing for repairs; and E. filed a libel *in rem* to enforce the claim for repairs. *Held* that, the contract being maritime, the claim and lien were transferable, and could be enforced in this court by the assignee; that the latter was entitled to a decree for the amount owing, and the owner to a decree for possession only on payment of that amount.

In Admiralty.

*Wilcox, Adams & Macklin,* for libelant Park.
*Carpenter & Mosher,* for libelant Every.
*Wing, Shoudy & Putnam,* for claimant in second suit.

BROWN, J. The first-named libel was filed by the owner to recover possession of the tug Edgar Baxter, possession of which was refused on the ground that she was held under a shipwright's lien for the expense of certain repairs made under contract, and for an additional sum for extra work.

The second libel was brought to enforce payment of the amount alleged to be due for the contract work and the extra work; the libelant

having taken an assignment of the repair claim and lien, and the ship-wright still retaining possession as agent for Mr. Every, the assignee.

The evidence shows a *bona fide* assignment of the shipwright's claim and lien, to obtain moneys to pay bills that the shipwright had incurred in making the repairs. The repair bill being a maritime contract, it is considered, in this court, competent for a shipwright to transfer his common-law lien along with his claim, and to enforce such a lien at the suit of the assignee in admiralty for the sale of the vessel, or of the owner's interest in it, in order to satisfy the common-law lien. *The B. F. Woolsey*; 7 Fed. Rep. 108, 116; *The Two Marys*, 10 Fed. Rep. 919, 925; *Nash* v. *Mosher*, 19 Wend. 431; 3 Pars. Cont. (6th Ed.) 244; 2 Kent, Comm. 639. Both libels were, therefore, properly filed.

The libelant Park is entitled to possession of the vessel on payment of $1,578, without interest; and Every is entitled to a decree in his suit for the same sum; and the costs of the two suits must be divided between the parties.