## GOYENA v. BERDOULAY.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. BAILMENT ⬤⟹18—LIEN FOR CHARGES—TRANSFER.

A repairer of an automobile, having a lien for charges may transfer the lien and the possession of the automobile.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. ⬤⟹18.]

2. REPLEVIN ⬤⟹106—MONEY JUDGMENT—EVIDENCE.

A money judgment in replevin is unauthorized, where there is no evidence of the value of the chattel.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 416–423; Dec. Dig. ⬤⟹106.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles Goyena against Fernand Berdoulay. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Davis & Mayer, of New York City (B. W. Davis, of New York City, of counsel), for appellant.

J. Lester Fierman, of New York City, for respondent.

BIJUR, J. This action was brought in replevin for the recovery of an automobile belonging to plaintiff. The defense was, in substance, that the defendant had, at plaintiff's request, performed repair work on the automobile, and was entitled to hold the same by virtue of his lien; also that defendant had transferred the lien, together with the possession of the automobile, to certain third parties, who were not parties to the action.

[1] That the lien was so transferable seems to have been settled in Nash v. Mosher, 19 Wend. 431, and respondent cites no authority to the contrary. It is evident, therefore, that plaintiff could not recover, without showing that he had paid or tendered the amount secured by the lien.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Apart from that fact, however, the judgment is in the sum of $250, with appropriate costs, and there is not a scintilla of evidence in the record of the value of the chattel.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.