(93 Misc. Rep. 171)

TRIPLE ACTION SPRING CO. OF NEW YORK v. GOYENA et al.

(Supreme Court, Appellate Term, First Department. January 17, 1916.)

ASSIGNMENTS ⬤�wür22—ARTISAN'S LIEN.

    The repairer of an automobile, having a lien upon it for his charges, may transfer the lien and possession of the automobile.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 35–39; Dec. Dig. ⬤⟶22.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Triple Action Spring Company of New York against Charles Goyena and others. From a judgment in favor of the defendants and against the plaintiff, plaintiff appeals. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Davis & Mayer, of New York City (Chester Mayer, of New York City, of counsel), for appellant.

J. Lester Fierman, of New York City, for respondent Goyena.

Clyde E. Black, of Brooklyn, for respondent Eldert.

Deutsch & Schuhmann, of New York City (David D. Deutsch, of New York City, of counsel), for respondent Fierman.

FINCH, J. This is an action to recover damages for the conversion of an automobile. It appears from the complaint and the bill of particulars that one Berdoulay had made certain repairs on the car and had thereby acquired a lien on it for the value of the repairs; that thereafter he assigned the said lien to the plaintiff herein and turned over to the plaintiff the possession of the said automobile; that thereafter the three defendants personally or through their representatives took possession of the car without paying the amount of the lien. The answers allege that the defendant Goyena, who was the owner of the car, brought an action of replevin against Berdoulay to recover it; that Goyena, through his attorney, the defendant Fierman, obtained a writ of replevin, which was executed by the defendant Eldert, who is a city marshal; and that the latter seized the car under that writ. At the opening of the trial, without considering the sufficiency of the defense, the court dismissed the complaint on the ground that the plaintiff could not by assignment acquire Berdoulay's lien. This holding requires a reversal of the judgment.

---

The lien so far as appears was the ordinary artisan's lien provided for by section 180 of the Lien Law (Consol. Laws, c. 33), which provision is merely declaratory of the common law. Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. Supp. 673. It may fairly be inferred from the allegations and the colloquy in court that the repair man had assigned his lien to the plaintiff, and at the same time had turned over to it the automobile to hold as security upon the same terms as those upon which the repair man had held it. The general rule is that upon an assignment of a debt the assignor may transfer all his rights to such collateral security as may exist. Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379; Parmelee & W. v. Dann, 23 Barb. 461; Marklove v. Utica, C. & B. R. R. Co., 48 Misc. Rep. 258, 96 N. Y. Supp. 795. And I see no reason why this principle should not apply to an ordinary artisan's lien as in the present case. An attorney's lien upon papers and other articles belonging to his client cannot be assigned, because it involves a relationship of trust and confidence which would be violated by the assignment to a third party (Sullivan v. Mayor, 68 Hun, 544, 22 N. Y. Supp. 1041); but in the case of an ordinary artisan's lien, where the debt is assigned and the chattel is transferred upon the same terms as those upon which the original lienor held it, the true owner is in no way prejudiced, and the assignee acquires the right to the lien. While a search has not revealed any cases expressly holding this proposition, the principle is in accord with intimations contained in various authorities in this state. Goyena v. Berdoulay, 154 N. Y. Supp. 103; Nash v. Mosher, 19 Wend. 431; Wing v. Griffin, 1 E. D. Smith, 162.

The judgment must be reversed, and a new trial granted, with $30 costs to the appellants to abide the event.

LEHMAN, J., concurs in result.