Hofstadter, J.
The plaintiff, as assignee of a conditional sales contract for the sale of an automobile, claiming a default, sues to recover possession of the automobile. Prior to default the conditional vendee, who was also the registered owner of the car, had it repaired at the automobile repair shop of one Marcus, and paid only part of the repair bill. Thereafter Marcus, who claimed a lien for the balance of his repair bill, by formal instrument, assigned his lien to the defendant and at the same time transferred possession of the automobile to the defendant; this assignment and transfer of possession also occurred before the vendee’s default. The defendant resists the plaintiff’s demand in reliance on the lien so acquired by assignment.
The plaintiff moved below for summary judgment and the defendant in opposition requested summary judgment in its favor pursuant to rule 113 of the Rules of Civil Practice, which permits this relief even in the absence of a cross motion therefor. The court merely denied the plaintiff’s motion and the plaintiff has taken the present appeal from the order of denial. There is no substantial issue of fact and the plaintiff urged below, as it does ou appeal, that the only question in the case is one of law, whether a lien under section 184 of the Lien Law *1053 may be assigned. If this question is resolved in the defendant’s favor, the defendant is entitled to judgment and any residual issues of fact then become academic.
The defendant argues that Marcus obtained either an artisan’s lien under section 180 or a lien as the keeper of a place for the repair of motor vehicles under section 184 of the Lien Law. The plaintiff, while challenging the right to a lien under section 180, because the repairs were made on the order of a conditional vendee rather than at the request or with the consent of the owner, as required by that section, nevertheless asserts that he acquired a lien under section 184. This section gives a lien to one in Marcus’ position for repairs made with the consent of the owner “ whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise ”. (See Manufacturers Trust Co. v. Stehle, 1 A D 2d 471.) Since section 184 deals specifically with a lien for repairs made by the keeper of a shop for the repair of motor vehicles on the request of a conditional vendee, we hold that Marcus acquired a valid lien under that section which was superior to the rights of the plaintiff. We find it unnecessary to determine whether he also had a lien under section 180.
The plaintiff insists that the lien so acquired was lost when Marcus assigned it and delivered the automobile to the defendant. It invokes the provision of section 184 that ‘ ‘ if the lienor, subsequent to thirty days from the accrual of such lien, allows the motor vehicle * * * out of his actual possession the lien provided for in this section shall thereupon become void as against all conditional sale agreements * * * notwithstanding possession of such motor vehicle * * # is thereafter acquired by such lienor.” This provision merely declares the possessory nature of the lien conferred by the section (Thourot v. Delahaye Import Co., 69 Misc. 351) — a characteristic of most liens on chattels. It does not affect the right to assign the lien contemporaneously with the delivery of the chattel, with the result that both the lien and possession of the chattel remain united in the same person — the assignee.
Authority supports the assignability of a lien such as that here considered (Nash v. Mosher, 19 Wend. 431; Triple Action Spring Co. v. Goyena, 93 Misc. 171; Goyena v. Bourdelay, 154 N. Y. S. 103; Horowitz v. Estate of T. Cohen, Inc., 114 N. Y. S. 2d 700, 704; Park v. The Hull of the Edgar Baxter, 37 F. 219). We find no valid reason why such a lien should not be assignable. Moreover, the right to assign may serve the convenience or business needs of the lienor without injury to the rights of those against whom the lien is asserted. Thus, in Park v. The *1054 Hull of the Edgar Baxter (supra) the assignment was made by the shipwright to obtain moneys for the payment of the bills incurred in making repairs covered by the lien.
Koroleff v. Schildkraut (179 N. Y. S. 117) and General Motors Acceptance Corp. v. Barnett (142 Misc. 192) relied on by the plaintiff, are not to the contrary. The liens there dealt with were solely for storage; the transfer of possession by the bailee and the placing of the vehicle in the care of another constituted a breach of the contract of bailment and hence worked a forfeiture of the lien. It would be incongruous to uphold the assignment of a lien when the transfer of possession incident to the assignment is itself a violation of the terms of the bailment from which the lien springs. That is not the situation here, for Marcus took in the car for repair, not for storage, and there is no suggestion that the transfer of possession on completion of the repairs was a departure from the agreement made by him. It follows that the valid lien acquired by him continued unimpaired in the hands of the defendant after the assignment and afforded a complete defense to the plaintiff’s demand for possession.
In accordance with rule 113, judgment should, therefore, be directed for the defendant.
The order should be modified by directing the entry of judgment for the defendant and, as modified affirmed, with $10 costs to respondent.
Steuer and Timer, JJ., concur.
Order modified, etc.